Peaesoh, J.
 

 The action was for a breach of a contract for hiring. One of the terms of which was (as the plaintifF alleged,) that “the negro should not be employed at a fishery or sent by water.”
 

 The plaintifF read in evidence a paper writing, purporting to contain the terms of hiring, one of which was, that the negro should not be employed at a fishery or sent by water, and proved by several witnesses that the paper was read aloud by the crier, before the hiring commenced.
 

 The defendant called several witnesses, who swore that no such paper was read in their hearing, and that the crier, just as the bidding commenced, said in a loud voice, “the negro can be sent by water or put at a fishery, at the risk of the hirer.” He also called several other witnesses, who swore that after the paper was read, and before the hiring commenced, the crier said in a loud
 
 *61
 
 voice,“the negro can be sent by water or put at a fishery at the risk of the hirer.” This last evidence was objected to, but was admitted.
 

 The defendant employed the negro at a fishery; but there was no evidence of any damage.
 

 The Court charged, that, if the jury believed that it was one of the terms of the contract of hiring, that the negro should not be employed at a fishery, as alleged by the plaintiff, he was entitled to recover nominal damage. But if the person hiring, was, by the terms of the contract, allowed to put the negro at a fishery “at his risk,” as the negro had not been injured, the plaintiff could not recover. He also charged, that notwithstanding the paper had been read aloud, it was competent for the plaintiff or his agent to change the terms, and if this was done before the hiring, the plaintiff could not recover.
 

 The case does not set out upon what exception the plaintiff appealed.
 

 There is no error in the charge and we are at a loss to see upon what ground the evidence was objected to.
 

 “
 
 The 'gaper’
 
 which was read before the hiring began was not adopted and agreed on by the parties as pre-ap« pointed evidence of the terms of hiring, and the rule that a written instrument shall not be contradicted, added to, or varied by parol proof, has no sort of application. The paper contained a mere proposal of terms, and when it was found, that those terms were not accepted, the plaintiff or his agent had a right to vary them as they thought expedient.
 

 Per Curiam. Judgment affirmed.