## FARR v. JOHN.

**Auction: LIMITATION OF BID: BID BY ABSENTEE.** The owner of property offered for sale at auction, having the right to prescribe reasonable terms and conditions of sale, may publicly direct that no bid less than five cents will be received by the auctioneer; and a person who, in opposition to such direction, bids only one cent in advance of a bid previously made by another, acquires thereby no title to the article bid upon. And the fact that the previous bid was one left by an absentee, does not vary the rule.

### *Appeal from Henry District Court.*

WEDNESDAY, DECEMBER 4.

ACTION of replevin for a sledge hammer. The plaintiff advertised in large and attractive bills a "great sale of farm, farm stock, farming implements and household goods," enumerating work horses, stallions, brood mares, colts, oxen, cows, young cattle, hogs, wagons, buggy, reaper, mower, harness, grain, hay, etc. At the sale, which began about ten o'clock, the plaintiff only offered articles of very small value, and those not in lots, but separately, such as a brace by itself, and each bit separately, and the like. The defendant and others in concert with him, were engaged in ridiculing the sale, and would raise a bid one cent at a time. The plaintiff directed the auctioneer to receive no bid less than five cents in addition to any former bid, and this was publicly announced to those present, including the defendant. The sledge hammer in controversy, was handed by plaintiff to the auctioneer, with the statement that an absentee had left a bid of two dollars for it, but that if any one would bid more for it, to let him have it. The auctioneer then cried it at two dollars; then the defendant bid one cent in addition. The auctioneer, at plaintiff's

direction refused to accept or cry the bid, and knocked the hammer off to the absentee, and handed it back to plaintiff. Afterward, owing to the conduct of defendant and others, the plaintiff discontinued his sale. After the sale was closed, the defendant, according to a custom in that vicinity, himself gathered up the articles he had purchased, and also took the hammer in controversy, and tendered to plaintiff two dollars and one cent therefor, which plaintiff refused to accept, and notified defendant that he must not take the hammer away. The defendant however, did carry the hammer off with him and claimed it as his own by purchase at the auction.

The plaintiff brought this action before a justice of the peace, where, upon a jury trial he was unsuccessful. On appeal to the District Court, the plaintiff obtained a verdict and judgment, from which the defendant has appealed to this court.

*H. & R. Ambler* for the appellant.

*L. G. Palmer* for the appellee.

COLE, J. — The defendant asked the court to instruct the jury, in substance, that if the plaintiff did advertise largely as shown by the bill or poster, and at the sale only offered trifling articles, and that defendant bid the highest on the hammer and took possession of it at the close of the sale, as was customary, and tendered the price bid by him for it, then the title to the hammer was vested in the defendant.

AUCTION: limitation of bid: bid by absentee.

The court refused to give the instructions as asked, but instructed the jury that if the plaintiff's auctioneer announced publicly and in the hearing of defendant, that no bid less than five cents would be received, and defend-

ant only bid one cent, which was disregarded, and the hammer was not struck off to him, then defendant acquired no title to the hammer, and the plaintiff was entitled to their verdict; and this, notwithstanding the plaintiff advertised largely and stated that the bid of two dollars was by an absentee, and if any one bid more for it to let him have it.

The owner of property offered for sale at auction has the right to prescribe the manner, conditions and terms of sale, and where these are reasonable and made known to the buyer, they are binding upon him, and he cannot acquire a title in opposition to them, and against the consent of the owner. A sale at auction, like any other sale, must have the consent or agreement of both the vendor and vendee. Without this consent, express or implied, no title to property can be acquired. If the owner of the property practices a fraud upon the bidders, he may be liable therefor, but such fact would not have the effect to vest the title to property in a bidder with whom no contract of sale was ever completed. The court did not err in either refusing or giving the instructions to the jury.

Affirmed.