## Homer Chandler v. Lorenzo B. Morey, Conservator, etc.

1. AUCTIONS—*Seller and Purchaser Bound by the Proclaimed Terms.*—Both the purchaser and the seller are bound by the publicly proclaimed terms of an auction sale.

2. EQUITY—*Power to Reform Mistakes in Conservator's Deeds.*—Where the terms of a deed executed by a conservator are by mistake made to include things not sold, the deed may be reformed by a court of equity.

3. CONDEMNATION—*Judgments of, Do Not Vest Title, etc.*—A mere judgment of condemnation does not vest the title to the lands of an insane person, to be taken for a public highway, in the commissioners of highways, and such land may afterward, under proper proceedings, be sold so as to vest the title in a purchaser and entitle him to the condemnation money.

**Bill of Interpleader.**—Appeal from the Circuit Court of Mercer County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

BASSETT & BASSETT, attorneys for appellant.

CONNELL & THOMASON, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

William K. Fulton, the owner of the west half of section eight, in Mercer township, Mercer county, having been in August, 1898, adjudged insane, L. B. Morey was on that date appointed his conservator.

On the 17th of June, 1898, a petition was presented for a public highway which was to pass over the Fulton land. Such proceedings were had that on the 16th day of September, 1898, the prayer of the petition was granted.

Proceedings were afterward had to assess damages and damages were assessed for the road over Fulton's land at $1,042.50, and judgment was entered therefor on December 22, 1898.

On the 29th day of December, 1898, an order was entered establishing and laying out the road over said land. On the 22d day of October, 1898, L. B. Morey, conservator, presented a petition to the County Court of Mercer County,

praying for an order to sell all of said half section of land for the payment of the debts of Fulton.   On the 7th day of November, the County Court entered a decree, empowering and authorizing the conservator to sell said real estate, and on the 31st day of December, 1898, the entire half section was sold at public auction to Homer Chandler for $15,000. Mr. Thomason, the crier of the sale, the conservator being present and ordering it, made the following announcement at the opening of the sale :

" That a public highway had been ordered laid out over the north end of this farm of Wm. K. Fulton.   That damages had been assessed in the Circuit Court of this county to Mr. Fulton on account of laying out that highway and that he had been allowed by the jury ten hundred and forty-two dollars and some cents, and that a judgment had been entered in his favor for that amount, and that this amount was reserved to him, Fulton, and that the purchaser or purchasers of this land would take it subject to that highway as ordered laid out."

The appellant was present when this announcement was made and remained present during the entire sale.

During the progress of the sale some one inquired of the crier if the judgment went to the purchaser, saying that it would make a difference in his bid.   In answer to this question the crier again stated that the amount of the judgment was reserved to Mr. Fulton, and did not go to the purchaser, and that the purchaser or purchasers of the land took it subject to the highway.   Appellant denies that he heard such announcement.

The conservator reported the sale to the County Court on the 4th day of January, 1899, and the said court on the same day confirmed the same and ordered a deed to be made to the purchaser for the entire half section.   On the 7th day of January, 1899, a deed was made by the conservator to Homer Chandler, for the west half of section eight, township fourteen north, range three, west of the fourth principal meridian, in Mercer county, Illinois, without any reservations.

No mention was made in the petition for sale, the decree,

the publication notices or the notice of sale, nor in the deed, of the proceedings for a road, or anything in regard to the road or damages. The deed conveyed title to Chandler without any reservation or limitations. The conservator's report of sale contained the following:

" He further reports that the said land was sold with the recent highway laid across the north end of it, and the said L. B. Morey, conservator, to have and receive the damages heretofore assessed to W. K. Fulton, insane, consequent upon the locating and laying out of the said highway."

At the time of the sale W. K. Fulton was in possession of the land, and the possession of the entire half section was delivered to Chandler on the first day of March, 1899, and he has since been and is now in the actual possession of the whole of it. The commissioners of highways had never entered upon the same to open the road up to the time of the trial of this case.

The damages assessed having been determined, the commissioners of highways brought the same into court and filed a bill of interpleader, making appellant and appellee parties thereto. Upon the hearing of this, the court awarded the damages so paid to appellee.

While it is true that the mere judgment of condemnation did not vest in the commissioners of highways title to the condemned land, and that it might thereafter, under proper proceedings, have been so sold and title so vested in a purchaser as to entitle him to the condemnation money, the fact is that it was not so sold.

In the absence of any announcement or understanding at the auction sale it may be that appellant would, upon his deed, have been entitled to the condemnation money; but in the face of the unmistakable agreement under which all bid, and he purchased, he can not obtain that which he well knew was not included in the sale.

Both the purchaser and the seller are bound by the publicly proclaimed terms of an auction sale. 2 American Law of Administrators, 1057; Overdeer v. Updegraff, 69 Pa. St. 110.

If the terms of the deed given to appellant by the con-

servator were by mistake made such as to include that not sold the deed might have been reformed by a court of equity.

The bill of interpleader having been answered and defendants thereto consenting to interplead, the court may consider the case and render a decree in accordance with the equitable rights of the parties. 11 Am. & Eng. Encyclopedia of Practice, 475; Whitney v. Cowan, 55 Miss. 626–647.

The decree of the Circuit Court is affirmed.