# CHARLESTON.

## THOMPSON v. ROBINSON.

Submitted September 9, 1908.   Decided April 20, 1909.

1. FRAUDS, STATUTE OF—*Operation—Modification of Contract.*

   A contract for sale of coal provides that part of the purchase money shall be paid by a given day, when the vendor is to make a deed, and that if not so paid the contract shall be void, and declares this provision for payment of the essence, and there is default in such payment. No oral extension of time made after that day will bind the vendor. (p. 508.)

2. SAME—*Sale of Realty—Modification of Contract.*

   A defunct contract for the sale of realty cannot be revived by an oral contract. (p. 510.)

3. SPECIFIC PERFORMANCE—*Payment of Consideration or Tender Thereof.*

   A contract for sale of land demands payment of purchase money by a given day, and declares this provision of the essence, and if not complied with the contract to be void. Deed to be made on such payment. The vendee must pay or tender the money on the day and thus put the vendor in default, else the vendee cannot have specific performance. (p. 511.)

4. VENDOR AND PURCHASER.

   Unless the contract so provide a vendor of land is not required to furnish abstract of title. (p. 509.)

Appeal from Circuit Court Marshall County.

Bill by Josiah V. Thompson and others against James M. Robinson and others. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

WM. H. CONOWAY, for appellants.

McCAMIC & CLARKE and A. C. CHAPMAN, for appellees.

BRANNON, JUDGE:

James M. Robinson made two written agreements with M. Low Parriott selling to Parriott the coal in two tracts of land. Each agreement contains the following clause: "But it is further agreed by and between the parties hereto that the payment of the first installment of one ¾ of the purchase money on or before the 8th day of August, 1905, is the essence of this agreement, and in the failure to pay the same in the time specified is to render this contract null and void, and the parties of the first part and second parts are to stand relieved from all damages and responsibility for the non-execution and non-fulfillment of this contract, but a compliance in making said payment is to render this contract unconditional, absolute and binding to all intents and purposes on the parties hereto of the first and second parts." Parriott assigned the contracts to Josiah V. Thompson. Robinson refusing to convey, Thompson filed a bill in Marshall county circuit court to enforce a conveyance, which the court dismissed without relief.

The contract plainly makes payment of three fourths of the money the soul and essence of the contract. It is not pretended that the money was paid or tendered by the day named; but it is claimed that Robinson waived it by allowing further time to Pariott to have a survey made and an abstract of title. This contention of waiver on pay-day must be closed against the plaintiff by saying that only two witnesses speak on this point, Parriott and Robinson, and they flatly contradict each other. This feature of the case having been decided by the circuit court, on conflicting evidence, and we not being convinced that the decision is wrong, it must stand as to the alleged waiver before the contract by its terms ceased to exist. I speak of waiver before the death of the contract. I am here conceding, for argument, that such prompt payment might be waived *before* the contract expired by its terms; but there are authorities of high character saying that when the statute of frauds demand a writing, as terms of payment are a substantial element, the contract cannot be varied as to those terms except in writing. "Time of performance of a contract to convey land cannot be extended by parol." *Blood v. Goodrich,* 9 Wendell 68 (24 Am. Dec. 121). In *Emerson* v. *Slater,* 22 Howard 42, it is said that a written contract not required to be written may be varied by oral agreement; but the better opinion is, according to the weight of authority, that "a written contract within the statute of frauds cannot be varied by any subsequent agreement, unless such agreement is in writing," citing a large number of English and American authorities. Again asserted as law in *Swain* v. *Seaman,* 9 Wall. p. 272. Likewise *Abel* v. *Munson,* 19 Mich. 306; *Brown* v. *Sanborn,* 21 Minn. 402; *Ladd* v. *King,* 1 R. L. 224. The plaintiff bearing the burden to prove clearly the waiver *before* the death of the contract, *Lumber Co.* v. *Friedman,* 64 W. Va. 151 (61 S. E. 815), it is not necessary to decide whether there can be such oral waiver. Perhaps under our state decisions there may be. If an original question, I would say that such oral agreement, changing a material provision of the contract, cannot be allowed. The statute was made to avoid fraud and perjury. What more striking instance of its wisdom than this; two contracting parties swearing squarely contrary on a vital point, one or the other false, the court cannot say which, and must decide against the assertor of this waiver. It is not

plausible to say that Robinson was to furnish abstract. The contract does not put the duty upon him; the law, in America does not. "In the United States an abstract is not an implied feature of every sale of land. Since every title is of record, the doctrine of *caveat emptor,* in the absence of special agreement, requires the purchaser to satisfy himself as to title, and for that purpose to make the necessary investigation and abstracts." 1 Am. & Eng. Ency. L. 213. It would be well to shut out oral evidence in this state where promoters, adventurers and speculators take these contracts, fail to answer their conditions, hold them indefinitely, thus tying up the owners of land, and at last defeat the conditions by trumped up oral evidence.

I say that the plaintiff has not proven any waiver of this vital condition *before* the expiration of the contract. 20 Cyc. 233 tells, what in reason ought to be and is law: "Where a written contract for the sale of land has ceased to be operative in accordance with its terms, either by lapse of time or occurrence of specified conditions, an oral agreement reviving the contract is within the statute." The text of 29 Am. & Eng. Ency. L. 1101 is: "A new agreement altering the terms of a written contract which was within the statute of frauds, or required by any law to be in writing, or discharging or waiving such contract *in part only,* must also be in writing, in order to be binding or admissible in evidence, inasmuch as a verbal waiver would be to substitute a verbal contract for one required to be in writing. This is true even though the agreement of waiver may be in such terms that, taken alone, it would not require to be in writing. The only ground upon which a party will be bound by such waiver is that the other party has so governed his conduct, relying upon the attempted waiver or alteration, that it would be aiding a fraud to permit him to deny its validity." On page 897 is the text: "Where a written contract for the sale of land has ceased and terminated by its own terms upon the happening of a contingency, or by the action of the parties under it, it cannot be revived by parol and have its original force and effect." In *McConihay* v. *Lanham,* (Ky.) 76 S. W. 535, was a written sale of minerals, with clause that if consideration should not be paid by a date, agreement to be void. Failure to pay. Parol contract to extend time. *Held,* that as contract was terminated by failure to pay, parol extension was

void under the statute. Brown on Stat. Frauds, sec. 267, says: "It would seem to be very clear that a defunct mortgage cannot be revived by a parol agreement; and it has been decided that a defunct written agreement for the sale of the land could not." Wood on Stat. Frauds, sec. 238 so states. In *Heth* v. *Woolridge,* 6 Rand. 605, there was a sale of land, and a time given for searching for coal. It was claimed that an oral subsequent agreement extended this time; but the court held that the statute denied any force to such agreement. The able Judge Carr said: "Many cases may be cited to show that a written agreement cannot be varied by parol." In *Williamson* v. *Paxton,* 18 Grat. 475, we find that "A parol agreement on the part of the vendor, however explicit, to waive the forfeiture of the contract which the purchaser had incurred, would be of no effect at law; and could be enforced in equity only where there has been part performance." There is no question of part performance in this case. In *Lawyer* v. *Post,* 47 C. C. A. 491, the court said: "It is not pretended that the plaintiff paid or tendered the consideration within the time given by the written option. It is contended that the defendant, the owner, made certain oral extensions and agreements, which may be enforced. * * * * Assuming that the evidence establishes that the defendant * * * verbally gave an extension of time in which he would sell and convey, such oral agreement must be held void under the statute of frauds." In *Teal* v. *Bilby,* 123 U. S. 572, it is held that where there is nothing in a contract requiring a writing, it may be varied by an oral contract, but the court said that rule did not apply "where there is something in the nature of the contract requiring it to be in writing, and the conclusion necessarily follows that where, as in this case, there is something in the nature of the contract requiring it to be in writing, it may not be waived by a subsequent oral agreement." *Emerson* v. *Slater,* 22 Howard 42, says that there may be oral modification where the contract is not one requiring a writing; but that "a written contract within the statute of frauds cannot be varied by any subsequent agreement, unless such new agreement is also in writing." So in *Swain* v. *Seaman,* 9 Wall. 272. Of course, the cases given in beginning of this opinion denying force of oral contracts to vary writings even before their end would, for stronger reason, apply *after* extinc-

tion of the contract. The English case, *Marshall* v. *Lynn,* 6 Mee & W. 109, holds that such oral extension "is a new contract, incorporating new terms, and I think cannot be enforced by action unless in writing." Now, in fact, in our case there is no agreement after the death of the contract to extend time for payment. Nothing further is shown than that Robinson employed a surveyor to survey the land, and stated to strangers that the land had been sold to Parriott, and that he was still tied up by his sale; that he had an abstract made and took it to Parriott. It is said he thus recognized the sale. What if he did? He might have made the most explicit admission as to that sale; he might have made a distinct re-sale; it would not avail, it would not prevent from change of mind. The case of *Gas Co.* v. *Elder,* 54 W. Va. 335, may seem to conflict with this decision; but the *terms* of that contract were different, as it required a clear title when money should be paid, and put the duty of abstracting and showing good title on the vendor, and it provided, not that there should be unqualifiedly forfeiture for non-payment on a day, as it said "on 30th day of November, 1899, or as soon thereafter as title shall be examined and accepted by the vendee," and the vendor could not then make good title. The contract itself allowed the vendee time beyond the day. No bad title is proven in this case. There is no pretence of any tender of purchase money on pay-day. Say that the covenant by Parriott and that by Robinson were mutual and dependent. Ought not Pariott have tendered the money, and thus put Robinson in default? Could he ask deed before offer of the money? *Irvin* v. *Bleakley,* 67 Pa. 24, puts it in such case very strongly. "Whichever party first desired to enforce performance was bound to regard his part of his contract as a condition precedent and perform or tender it." That was where payment and conveyance were dependent covenants. Pomeroy's Eq., vol. 6, sec. 809, says: "Where the stipulations are mutual and dependent—that is, where the deed is to be delivered on payment of the price—an actual tender and demand by one party is necessary to put the other in default, and cut off his right to treat the contract as still subsisting. *Time essential.* Where time of payment by the vendee is made *essential,* and *a fortiori* where, if his payments are not made on the exact day named, the vendor may treat the contract as at an end, the

vendee m'ust make an actual tender of the price and a demand of a deed at a specified time." "Where certain conditions remain unperformed by the plaintiff which it would be his duty to perform contemporaneously with the defendant's compliance with the contract, there must b'e a tender or offer of perforpance by the plaintiff, or specific performance will not be decreed." 26 Am. & Eng. Ency. L. 42. In fact the contract in the present case makes the duty of payment prior to the duty of conveyance, since it says, after requiring payment by a date, "that upon the cash payment of three fourths of the purchase money on or before the 8th day of August, 1905, that the party of the first is to convey."

Decree affirmed.

*Affirmed.*