E. A. KENNELL, Appellant, v. D. A. BOYER, Appellee.

**Sales at public auction:** POWER OF AUCTIONEER. An auctioneer at a public sale acts in a *quasi* public capacity, with authority to bind both buyer and seller; and the conditions of a public sale announced by him at the time and place of the sale are binding upon a buyer, whether he knew them or not.

**Same:** MODIFICATION OF TERMS OF SALE. The formal printed terms of a public sale distributed prior thereto may be modified or added to by the auctioneer at the beginning of the sale.

**Evidence:** COMPETENCY. A writing which is competent evidence for

other purposes should not be excluded because containing an offer of compromise.

**Same:** MEMORANDUM OF SALE. The written record of a public sale, so far as it relates to the particular sale in suit, is admissible in an action for damages for refusal to deliver the purchase, as a memorandum of the clerk acting for both parties.

*Appeal from Washington District Court.*—HON. BYRON W. PRESTON, Judge.

TUESDAY, OCTOBER 26, 1909.

ACTION to recover damages for refusal of defendant to deliver certain forty tons of hay purchased by plaintiff from defendant at auction. There was a denial, and also a counterclaim against plaintiff for damages for breach of the same sale. There was a verdict in favor of defendant on his counterclaim, and from judgment on such verdict plaintiff appeals.—*Affirmed.*

*S. W. & J. L. Brookhart,* for appellant.

*Eicher & Livingston,* for appellee.

McCLAIN, J.—The principal error urged upon our attention for appellant relates to an instruction of the court submitting defendant's counterclaim to the jury. Plaintiff

1. SALES AT PUBLIC AUCTION: power of auctioneer.

bid on about forty tons of hay at an auction sale, and it was struck off to him; but on his failure, as defendant alleges, to comply with the terms of the sale as to taking it away, defendant, acting under alleged conditions of the sale giving him a right to do so, resold it at less than the price bid, and seeks to recover by way of damages such sum as necessary to make him good for the loss of the sale to plaintiff. Plaintiff denies any contract or condition of the sale authorizing defendant to resell and recover the deficiency.

Testimony of the auctioneer was offered, and admitted over plaintiff's objection, that the condition of the sale above referred to was one announced by him at the beginning of the sale; and plaintiff testified that he was not present when such condition was announced, and knew nothing of it. With reference to this testimony the court instructed that: "The defendant had the right to fix and prescribe the terms of the sale, and if announced by the auctioneer at the commencement of the sale, such terms would be binding upon the plaintiff, whether he knew them or not." The public sale of property to the highest bidder by a duly authorized auctioneer is a form of commercial transaction of great antiquity, and still in common use. The auctioneer acts in a *quasi* public capacity. He is usually required to have a public license, and has authority to represent and bind both parties. At the time and place appointed the auctioneer announces the terms and conditions under which the property is to be sold; that is, subject to which the proposed purchaser will become the owner of the property if he is declared the highest bidder. *Farr v. John,* 23 Iowa, 286; Bateman, Auctions, 2. The undisputed evidence is that the condition relied on by the defendant was announced by the auctioneer, and it became binding on plaintiff as purchaser, whether he knew of it or not. It has been so held as to posted terms or conditions referred to by the auctioneer at the beginning of the sale, although the purchaser does not in fact have his attention called to them, and does not notice them. *Mesnard v. Aldridge,* 3 Esp. 271.

This rule is not questioned by appellant's counsel, but they insist that here there were printed conditions of sale incorporated in the notices distributed before the

2. SAME: modification of terms of sale.

sale, and that plaintiff was entitled to rely upon these as containing all the terms and conditions, unless his attention was expressly directed to changes or additions. It seems to be well

settled, however, that formal written terms may be modified or added to by the auctioneer at the beginning of the sale. *Ashcom v. Smith,* 2 Pen. & W. (Pa.) 211, (21 Am. Dec. 437); *Satterfield v. Smith,* 33 N. C. 60; *Cannon v. Mitchell,* 2 Desaus. (S. C.) 320; *Chouteau v. Goddin,* 39 Mo. 229, (90 Am. Dec. 462). In this case the notices of sale contained an announcement as to the credit to be given to purchasers, but they did not purport to state in full the terms or conditions. Such a mere advertisement or announcement is not binding, however, as against the auctioneer's announcement. *Ashcom v. Smith, supra.* We think the instruction of the court was correct.

A certain written communication from defendant to plaintiff, in response to a like communication from plaintiff to defendant with reference to the hay, was received

3. EVIDENCE: competency. in evidence, over plaintiff's objection that it was an offer of compromise. As the writing was competent evidence for other purposes, the fact that it contained an offer of compromise afforded no reason for its exclusion.

The written record of the sale, so far as it related to this sale of hay, was admissible as a memorandum made by the clerk acting as agent for both parties. *Doty v. Wilder,*

4. SAME: memorandum of sale. 15 Ill. 407, (60 Am. Dec. 756); *Smith v. Jones,* 7 Leigh (Va.) 165, (30 Am. Dec. 498). The judgment is *affirmed.*