KESKE, Respondent, vs. BOEDER, Appellant.

*December 5, 1918—January 7, 1919.*

*Sales by auction: Conditions announced bind all bidders: When
sale is complete and absolute: Mistake of auctioneer: Evidence.*

1. Auction sales are subject to the conditions announced by the
   auctioneer at the opening of the sale, which bind all bidders
   whether they actually heard them or not.
2. Sub. (2), sec. 1684t—21, Stats., providing that "a' sale by
   auction is complete when the auctioneer announces its completion
   by the fall of the hammer, or in other customary
   manner," does not conflict with the rule above stated.
3. Where at the opening of a public sale the auctioneer announced
   that in case he made a mistake he reserved the right to resell
   the property, it was not necessary, in order to prevent a sale
   from being absolute, that there should have been a mutual
   mistake.
4. A declaration by the auctioneer, in such case, that he had
   made a mistake in the sale of a horse was not conclusive
   upon the parties, but the fact should be determined upon a
   consideration of all the circumstances.

APPEAL from a judgment of the county court of Dodge
county: WILLIAM H. WOODARD, Judge. *Reversed.*

The parties hereto are farmers residing in Dodge county.
The defendant advertised a sale of stock, machinery, and
other personal property to be held September 22, 1917. The
sale was conducted by one Eli Keel as auctioneer.. A horse
was brought out of the defendant's barn by an employee of
the defendant and offered for sale by the auctioneer. The
plaintiff made an offer of $25, which was the only offer received.
After some effort to secure another bid the auctioneer
declared the animal sold to plaintiff. So far the facts
are not disputed. On behalf of the defendant it is claimed
that the auctioneer, at the opening of the sale, announced
that in case he made a mistake he reserved the right to resell
the property. It is further claimed by the auctioneer, on behalf
of the defendant, that he supposed the animal in ques-

tion belonged to the plaintiff, *Keske,* and that *Keske* had made the bid for the purpose of bidding in the animal if a better price should not be offered, and that had he known that the horse was in fact the property of the defendant he would not have struck it off to *Keske.* The auctioneer, upon discovering his mistake, claimed the right to resell the animal, which he did, against the protest of the plaintiff, and the animal was resold to another bidder for $125. On behalf of the plaintiff it is claimed that the right to resell in case of a mistake was not reserved; that there was in fact no mistake; and that under the terms of the sales act the title to the property in question passed to the plaintiff, and that he was entitled to recover the actual value of the property less the $25 bid for it by him. The disputed questions of fact were submitted to the jury, which rendered a general verdict in favor of the plaintiff and assessed his damages at $100. From judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *Royal F. Clark* and *A. W. Lueck.*

For the respondent there was a brief by *Clifford & Hartman* of Juneau, and oral argument by *Eugene A. Clifford.*

Rosenberry, J. The court in submitting the case to the jury instructed them that the plaintiff was entitled to recover unless it should appear that there was a mutual mistake. After defining mutual mistake the court said:

"If you find that the defendant, *Boeder,* was laboring under such mistake and that the plaintiff, *Keske,* was not, then, regardless of the price paid for the property, it is your duty to find for the plaintiff and assess such damages as you shall find from the evidence he is entitled to; if not, you should find for the defendant."

The court further instructed the jury that

"the laws of our state provide that a sale by auction is com-

plete when the auctioneer announces its completion by the fall of the hammer or in other customary manner. The word 'sold' would be and is a sufficient announcement of the completion of the sale."

Sub. (2), sec. 1684t—21, Stats., provides:

"A sale by auction is complete when the auctioneer announces its completion by the fall of the hammer, or in other customary manner. Until such announcement is made, any bidder may retract his bid; and the auctioneer may withdraw the goods from sale unless the auction has been announced to be without reserve."

It is argued that this provision of the sales act gives the sale a conclusive character, and that the sale is not affected by any conditions announced by the auctioneer excepting those alone which relate to the terms of payment. That part of the sales act referred to simply states the law as it was prior to its enactment. Auction sales have always been subject to the conditions announced upon the opening of the sale by the auctioneer, which are held to bind all bidders whether they in fact heard them or not. *Kendall v. Boyer*, 144 Iowa, 303, 122 N. W. 941, and note; 6 Corp. Jur. 827; 2 Ruling Case Law, p. 1123, § 8. We are cited to no authority, nor are we able to find any, holding that the auctioneer at the beginning of the sale may not announce other conditions than those relating to payment.

This case was tried on the theory that the sale was absolute unless there was a mutual mistake. There was no evidence of mutual mistake. The real question at issue, as disclosed by the evidence, is whether or not the auctioneer made the announcement claimed at the beginning of the sale, and, if he did make such announcement, whether or not there was in fact a mistake on his part. We refrain from comment upon the testimony in view of the fact that there must necessarily be a new trial. The law applicable to such a situation is plain. The fact must be determined upon a consideration of all the circumstances, as the declaration

of the auctioneer as to his mental processes cannot be conclusive upon the parties.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.