CLARKE, Appellant, vs. MAISCH, Respondent.

*March 9—April 6, 1920.*

*Auctions and auctioneers: Conditions of sale: Announcement by auctioneer: Effect: Vendor and purchaser: Agreement silent as to furnishing abstract: Custom.*

1. The conditions of a public sale announced by the auctioneer at the beginning of the sale are binding on a purchaser, though, coming late, he did not hear the announcement and did not know thereof until after he had signed the memorandum of sale.
2. Announcement by the auctioneer that clear title would be conveyed and that an abstract of title of the lots was at the bank for the use of all purchasers if they desired to examine the title, implies that purchasers are not to be furnished abstracts with their deeds.
3. A vendor is not required to furnish the purchaser an abstract of title where the contract of sale is silent on the subject.
4. In this case, evidence of the custom of the vendor to furnish an abstract is inadmissible because the defendant, by reason of the auctioneer's announcement at the sale, purchased on the condition that no abstract would be furnished.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Plaintiff brought action for specific performance of a contract to convey land. He was the owner of several lots in the village of Middleton, Dane county, Wisconsin, and on October 13, 1916, held an auction of the lots at the village of Middleton. The lots in question were struck off to *Gottlieb Maisch,* the defendant, upon his bid of $225. Immediately after being so sold, a written memorandum of the sale and purchase of the lots was executed. The memorandum is silent as to abstract. Defendant demanded that a separate abstract of title of the lots be furnished him by the plaintiff with the deed. The plaintiff refused to provide the abstract. Defendant then left a check for $225 with the Bank of Middleton to be turned over to plaintiff upon receipt from plaintiff of a deed and abstract. Plaintiff left a deed with the bank for defendant upon payment.

A trial of the issue was had before the court without a jury on May 19, 1919. The cause was reopened on July 5, 1919, for the purpose of taking evidence of a general custom obtaining in Madison and vicinity as to who should furnish the abstract when the contract of sale is silent on the subject.

The court found that the defendant purchased two lots of the plaintiff by written contract which was silent as to the furnishing of an abstract of title; that it was the general custom, when real estate was purchased by written contract which was silent as to the furnishing of an abstract, for the vendor to furnish it; and that such abstract is the property of the vendee. The court also found that such custom had existed for such length of time and existed so generally as to raise a presumption that the parties had knowledge of it and entered into the contract with reference to it, and that the defendant had no knowledge that the sale here in question was made upon any condition as to abstract other than that fixed by such general custom.

Judgment was entered directing defendant to pay the purchase price, without interest, on the condition that plaintiff first pay the defendant's costs and disbursements in this action, and that plaintiff also furnish the defendant an abstract of the title to the lots. This is an appeal from such judgment.

*James H. Feeney* of Madison, for the appellant.

For the respondent there was a brief by *Tenney, Tenney & Reynolds* of Madison, and oral argument by *E. J. Reynolds.*

SIEBECKER, J.    It appears that the lots in question were sold to the defendant at an auction. The defendant fully understood the method of conducting this sale and participated in the bidding for the purchase of the two lots included in the memorandum of sale executed by the parties at the time the auctioneer struck them off to him as the

highest bidder.   It appears that the auctioneer announced when the sale began that a deed conveying a good and clear title would be given to the purchasers and that an abstract of title of the lots sold was at the Bank of Middleton for the use of all the purchasers if they desired to examine the record title to the lots.   *Mr. Maisch* was not present to hear this announcement, nor was this information communicated to him before he purchased the lots and signed the memorandum of sale.   It is a rule of law that the conditions of a public sale announced by the auctioneer are binding upon a purchaser, whether he knew them or not.   *Keske v. Boeder,* 168 Wis. 369, 170 N. W. 247; *Kennell v. Boyer,* 144 Iowa, 303, 122 N. W. 941; 6 Corp. Jur. p. 828, § 20, cases, note 70.

The evidence is clear that the defendant was a bidder for the lots at an auction sale, that they were struck off to him, and that it had been announced that the abstract at the bank was to be furnished for the use of all the purchasers.   The clear implication of this announcement is that no other abstract was to be furnished by the vendor and that the vendor of the lots was not to furnish the vendees an abstract of title with the deed.   Under these facts and circumstances the memorandum of sale is subject to this condition concerning an abstract, and the plaintiff has the right to stand on it as one of the terms of the sale in addition to those embodied in the written memorandum.   It is well established by the adjudications that a vendor is not required by law to furnish the vendee of land an abstract when the contract of sale is silent on the subject.

"In the United States an abstract is not an implied feature of every sale of land.   Since every title is of record, the doctrine of *caveat emptor,* in the absence of special agreement, requires the purchaser to satisfy himself as to title, and for that purpose to make the necessary investigation and abstracts."   *Thompson v. Robinson,* 65 W. Va. 506, 64 S. E. 718; *McQuary v. Missouri L. Co.* 230 Mo. 342, 130 S. W. 335; *Easton v. Montgomery,* 90 Cal. 307,

27 Pac. 280; *State v. Grimes,* 29 Nev. 50, 84 Pac. 1061; *Tapp v. Nock,* 89 Ky. 414, 12 S. W. 713; *Espy v. Anderson,* 14 Pa. St. 308; *Turn Verein Eiche v. Kionka,* 255 Ill. 392, 99 N. E. 684, 43 L. R. A. N. s. 44 and note.

It necessarily follows that the trial court erred in receiving evidence of custom on the subject of the obligation of a vendor to furnish the vendee an abstract of title, since by the contract of sale, as above shown, the defendant made this purchase upon the condition that no abstract would be furnished him as purchaser, but that he in common with all purchasers of lots could examine plaintiff's abstract at the bank. Proof of custom was incompetent. Evidence of custom and usage is only permissible to add tacitly implied incidents to a contract, "to define what is ambiguous or is left indeterminate in a contract, where both parties have knowledge of the custom, or are so situated that such knowledge may be presumed." *Gehl v. Milwaukee P. Co.* 105 Wis. 573, 81 N. W. 666; *Lamb v. Klaus,* 30 Wis. 94.

The plaintiff is entitled to recover on the cause of action alleged in the complaint.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with direction to award judgment in plaintiff's favor, in accordance with this opinion.