CHARLES E. BURLING and EDWARD E. DOLE, Appellants, *v.* SAMUEL BRINN and LOUIS BRINN, Doing Business as S. BRINN & BRO., Respondents.

(Supreme Court, Appellate Term, Second Department, July, 1921.)

Auctions — purchaser bound by terms of sale as announced although he did not hear them — completion of sale — Personal Property Law, § 102.

> In an action to recover the price of goods sold at auction it is no. defense that the defendant did not hear the terms ·of sale which were publicly announced.
>
> Where at an auction sale from printed catalogues the auctioneer, before offering goods not listed in the catalogue, announces that the terms as to the time of delivery are different from the printed and previously announced terms affecting the goods listed in the catalogues, bidders at the sale of goods not listed who did not hear such announcement and refused to take the goods upon the claim that they were not ready for delivery by the dates stated in the catalogue, are liable upon their bid; the sale under section 102 of the Personal Property Law was completed when the auctioneer so announced.
>
> In an action to recover the difference between the auction price and that upon a resale of the goods, together with expenses, the dismissal of the complaint upon the merits is error and the judgment entered thereon will be reversed and a new trial granted.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, second district, dismissing plaintiffs' complaint upon the merits, after a trial before the court without a jury.

Joel Krone, for appellants.

Solomon Brinn, for respondents.

CROPSEY, J. The plaintiffs are auctioneers. On behalf of the American Woolen Company they conducted. an auction sale of cloth. The defendants

Misc.]    Appellate Term, Second Department, July, 1921.

bought at the auction but refused to take the goods in question.   They were resold and this action is to recover the difference between the auction price and the price on the resale, together with the expenses thereof.

There were printed catalogues which contained the terms of sale.   These provided that the goods sold would be ready for delivery not later than January seventh.   It is conceded by both sides that these goods were not contained in the catalogues, and the defendants admit they knew that at the time they bid upon them.   The fact that the goods were knocked down to the defendants is also conceded.   The defendants refused to take them claiming they were not ready for delivery by January seventh.   The plaintiffs admitted these goods were not ready for delivery by that date, but asserted and proved that they were sold under different terms than those printed in the catalogues and that under the special terms of sale applicable to them, deliveries could be made within two weeks after January seventh, and that they were ready within that period.

On the morning of the day of sale, and at the beginning of it, the auctioneer read the terms of sale as they were printed in the catalogues.   He then offered a number of lots of goods that were listed in the catalogues.   Around noontime there was a demand from some of the bidders that the goods in question, with others also not contained in the catalogues, be put up and some twenty or thirty lots, none of which was contained in the catalogues, were then offered. Before inviting bids upon them the auctioneer announced that they were goods that were not in the catalogues but that they were goods " in the works," meaning that they were being manufactured, and stated that for that reason delivery of them could

not be promised by the date stated in the printed terms of sale, namely, January seventh, but that they would be ready for delivery within two weeks after that date. That this announcement was made and repeated is established by the testimony of a number of witnesses. And there is no contradiction of it. The defendants merely say that they were present at the beginning of the sale and heard the auctioneer then read the printed terms of sale; that they remained a while and then left, and later returned and found the goods in question were then up for sale, and that they bid on these particular lots which were knocked down to them. The defendants say they did not hear the announcements as to the particular terms upon which these goods were sold. If that be so, the announcements may have been made while they were away from the sale. Defendants admitted, however, that they knew at the time they bid on the goods that they were not in the catalogues and that they did not make any inquiry concerning the terms upon which they were being sold. These are the facts that present the law question whether the defendants can be held under the conditions stated.

Although there are decisions holding the contrary we believe the sound rule to be that it is no defense that a person buying at auction did not hear the terms of sale provided they were publicly announced, for it is a bidder's business, if he did not hear them, to inquire what they are, else the terms and conditions of auction sales always might be defeated. *Graham* v. *Healy,* 154 App. Div. 76, 81; *Vanleer* v. *Fain,* 6 Hump. (Tenn.) 104, 107; *Bailey* v. *Peters,* 18 Ohio C. D. 823, 826, 827; *Chandler* v. *Morey,* 96 Ill. App. 278; affd., with opinion, 195 Ill. 596; *Wainwright* v. *Read,* 1 Desaus. (S. C.) 573, 583; *Mesnard* v. *Aldridge,* 3 Esp. 271.

As the goods in question were not in the catalogues the sale of them may be treated as though there had been no sale of other goods from the catalogues. Defendants did not believe these goods were in the catalogues. On the contrary at the time they bid upon them they knew they were not there and hence they were not part of the sale that had been advertised. The defendants had no right to assume the terms of sale of these goods were the same as those previously announced for the goods in the catalogue. And there was no representation that this was so. On the contrary, the announcement had been made before these goods were offered, that the terms as to time of delivery were different from the printed and previously announced terms affecting the goods in the catalogues. If defendants did not hear that announcement, it was not the fault of the auctioneers. The defendants should not have bid upon goods which they knew were not a part of the advertised sale without ascertaining the terms upon which they were being sold, unless they wished to take their chances. They made no inquiry and so are in the same position as any bidder at an auction sale who comes in while the auction is under way and who has not heard any of the announced terms and who bids without inquiring what they are. Hence, the defendants are liable upon their bid, for the sale was completed when the auctioneer so announced. Pers. Prop. Law, § 102.

But even if these goods had been in the catalogues and so had been advertised for sale under the printed terms, still we think that plaintiffs had the right, before any particular lot was offered, to change those terms so long as it was done publicly in the hearing of all the bidders present. The rule is well stated in Williston on Contracts (vol. 1, § 30); '' Since it has been held that no contract for the sale of goods is

complete until the hammer falls, it necessarily follows that even though an auction sale has been advertised to be without reserve, or has been advertised to be held under other specific conditions, the auctioneer may without liability change those conditions at any time before the fall of the hammer, unless some preliminary contract can be found, binding the auctioneer from the outset of the sale to observe the advertised conditions of the sale.'' And this text is supported by these cases, among others: *Kennell* v. *Boyer,* 144 Iowa, 303, 305; *Ashcom* v. *Smith,* 2 Pen. & W. (Penn.) 211, 218; *Satterfield* v. *Smith,* 33 N. C. (11 Ired. L.) 60; *Wainwright* v. *Read,* 1 Desaus. (S. C.) 573–582; and other cases cited in 24 L. R. A. (N. S.) 488 note. And although the buyer may have seen the advertised terms and may not have heard the changed terms announced before the goods were offered for sale, still, under the cases cited, this is immaterial.

The record indicates that the decision below turned on the point that the defendants had not heard the announced terms affecting the sale of the goods in question. If so, the decision was erroneous for the reasons already stated. The only other possible ground upon which the judgment could have been rendered was that the evidence did not show that these goods were ready for delivery by January twenty-first. But if the decision was made upon that ground it is plainly against the weight of the evidence.

The judgment should be reversed and new trial granted, with thirty dollars costs to appellant to abide the event.

KELBY and LAZANSKY, JJ., concur.

Judgment reversed.