WILLIAM WOHLERS, Appellee, v. MARK PETERSON, Appellant.

**AUCTIONS AND AUCTIONEERS: Auctioneer as Dual Agent.** A purchaser at an auction sale has the right to rely on the announcement made by the auctioneer as to the identity of the property and the terms and conditions of sale.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

APRIL 3, 1923.

ACTION at law to recover an overpayment of money in the purchase of corn at a public sale. At the close of plaintiff's testimony the court directed a verdict for the sum of $357.21 with interest, in favor of the plaintiff and entered judgment accordingly. Defendant appeals.—*Affirmed.*

*Kimball, Peterson, Smith & Peterson,* for appellant.

*C. E. Swanson,* for appellee.

DE GRAFF, J.—This is an action in assumpsit, and under a common law count plaintiff sues for money had and received. The case involves the construction of a simple contract for the purchase of corn by the plaintiff at defendant's public sale. These are the facts. On December 12, 1918 preparatory to removal from his farm defendant held a public sale of his personal property. During the progress of the sale the auctioneer went over to a crib of corn at the place of sale and announced: "We have got to sell the corn; that the buyer had to pay for 400 bushels of corn, and after the corn was hauled and weighed, the buyer and Mr. Peterson [defendant] could settle between them for the actual amount of bushels, and if there was more, the buyer paid for the difference, and if there was less, Mr. Peterson would refund the money."

Prior to the time that the auctioneer cried this item of property the plaintiff and other bidders inspected the corn which was unevenly scattered over the length of a large crib making it difficult to estimate the quantity. Plaintiff was the successful bidder, paying $1.50 per bushel, and later settled in accordance with the announcement of the auctioneer. On January 9, 1919 the corn was hauled and weighed. It was then discovered that the plaintiff had purchased 151 bushels and 60 pounds of corn. He immediately demanded a refund from the clerk of the sale and for the first time the plaintiff learned that there was corn at another set of buildings one-half mile away. He then said that he had not bought any other corn than that which was in the crib which he had inspected. The evidence is undisputed that the auctioneer made no announcement that he was selling corn in another crib than that at the place of sale which was then and there inspected by the bidders. When the plaintiff became acquainted with the fact that there was other corn at another place he said he would look at the corn and would "try to buy it." He did look but by reason of the spoiled condition of the corn in the other crib he told the defendant he could not use it.

Plaintiff was a purchaser at a public sale. He had the right to rely upon the announcement made by the auctioneer at the time and place of the sale as to the identity of the property, the terms, and the conditions of sale. Both seller and buyer

are bound by the announcement of the auctioneer. *Kennell v. Boyer,* 144 Iowa 303.

Under the undisputed facts the auctioneer made no reference of any kind to any corn except the corn contained in the crib which had been inspected by the plaintiff and other bidders. No information was conveyed to the plaintiff or the other bidders that there was corn in another crib at another set of buildings. The rule of *caveat emptor* applies in the sale of personal property at public auction. The right to inspect the property offered for sale is the legal protection which the law gives the purchaser. Upon inspection he must rely upon his own judgment and in the absence of fraud must abide the consequences. Clearly the only corn in the contemplation of the parties at the time of sale was the corn in the crib which the bidders had inspected and which was the *locus in quo* when the announcement was made by the auctioneer, who is the agent of both the seller and the buyer. The announcement made by the auctioneer is unambiguous and a person of ordinary understanding could understand its meaning. This is not a case of rescission of contract or an attempt to rescind. The only question presented involves the subject-matter of the contract. The contract was executed in accordance with the contemplation of the parties and in accordance with the terms announced by the auctioneer.

The construction placed upon the contract by the trial court in directing a verdict for the plaintiff is sustained by both the law and the facts. The corn in the lower crib and its condition are wholly immaterial in the determination of the issue involved. Had the plaintiff purchased same it would have constituted a new contract. The trial court correctly ruled the proposition and the judgment entered is therefore—*Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.