STANHOPE STATE BANK, Appellee, v. H. W. PETERSON, Appellant.

MARCH 6, 1928.

*Martin & Alexander,* for appellant.

*Burnstedt & Hemingway,* for appellee.

FAVILLE, J.—One Satre held an auction, at which he sold hogs. The appellant purchased nine hogs at the sale. Satre was indebted to the appellee bank. The cashier of the bank  clerked the sale, and purchasers made settlement with said cashier. Appellant made settlement with said cashier of his purchase at the

sale. The purchase amounted to $301.50, and he paid $1.50 in cash, and gave the note in suit for the balance. After the sale, the appellant requested of Satre that he leave the hogs in the pen on the latter's farm until the day following, and was informed by Satre that this would be all right, and that he might do so. The sale was at about four o'clock in the afternoon; and after the sale was concluded, and after the appellant had made settlement for his purchase, and had executed and delivered the note in suit, a fire occurred on the Satre place, about six o'clock, and the hogs were burned.

I. Section 9950, Code of 1924, is, in part, as follows:

"In the case of sale by auction: * * *

"2. A sale by auction is complete when the auctioneer announces its completion by the fall of the hammer, or in other customary manner."

Under the provisions of the statute and the undisputed evidence in this case, the sale was completed, and the title of the property passed to the purchaser. Thereafter, the seller, under an arrangement between the parties, was a bailee only, and the loss of the property by destruction by fire must fall on the purchaser, and not the seller. As bearing on the question, see *Kennell v. Boyer*, 144 Iowa 303; *Wohlers v. Peterson*, 195 Iowa 853.

II. It is contended by the appellant that the hogs were sold as pure-bred hogs, and that the appellee was to furnish pedigrees to said hogs, and that, inasmuch as the pedigrees were never  furnished, there was a failure of consideration for the note. The failure to furnish the pedigrees did not defeat the passing of title to the property, or render the sale without consideration. The evidence shows that the seller was in a position to furnish the pedigrees, and testified, in effect, that he did not deliver the certificates of pedigree to the appellant after the fire because it was useless to do so, the property having been totally destroyed. The appellant also testified that the pedigrees would have been useless after the hogs were burned. Under the facts shown, the failure to furnish the pedigrees prior to the fire did not constitute a defense to the note in suit. Title to the property had passed. The delivery of the pedigrees was not a condition precedent to the passage of title.

580

III. As another defense to the note in suit, appellant contends that there was an outstanding mortgage upon the property at the time of the sale, and that, therefore, title did not pass to the appellant. Section 9942, Par. 3, Code of 1924, provides as follows:

"An implied warranty that the goods shall be free at the time of the sale from any charge or incumbrance in favor of any third person not declared or known to the buyer before or at the time when the contract or sale is made."

Even though it be conceded that, under this statute, there was an implied warranty that the hogs were free from incumbrance in favor of a third party, this would not affect the passing of title to the property. It would not be a defense to an action for the purchase price, unless it be true that there was a breach of said warranty, and resulting damages thereunder. Furthermore, in the instant case it appears that the property was sold under an arrangement and agreement with the mortgagee that said sale should be conducted. There was evidence of a waiver of any lien held by the third party under the mortgage. The matter of waiver was only evidential, and it was not necessary that it be pleaded in this case. The mortgagee was not a party to the action. The fact that there was an outstanding mortgage on the property which may have constituted a breach of an implied warranty would not, of itself, defeat the passing of title to the purchaser. No question of damages for such breach is involved herein.

Upon the entire record, the trial court was correct in its finding that the appellant had not proven a defense to appellee's right to recover upon the note. The cause was tried without the intervention of the jury, and the finding of the trial court has the force and effect of a verdict of a jury upon the fact question. Our examination of the record satisfies us that the trial court was correct, both in its findings of fact and conclusions of law. The judgment appealed from, therefore, must be, and it is,—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.