E. ETHEL GORMAN *et al. vs.* HULDA O. BERG *et al.*

MARCH 9, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.   In this bill complainants sought to compel respondent to convey to them a certain piece of real estate in Warwick of which they claimed to be purchasers at an auction sale.   From a decree ordering a conveyance respondent has appealed.   Her claim is that the decree is not supported by the evidence and is contrary to law.

The facts as found by the Superior Court and warranted by the evidence are that respondent had been endeavoring without success to sell this property at private sale for a year prior to April 11, 1926.   It was her only realty in Warwick. The H. V. Allen Estate Agency had listed it.   Early in March, 1926, two mortgages aggregating $6000 were overdue and interest thereon amounted to approximately $300. Respondent gave instructions to the Agency for a sale at public auction for not less than $6500, she agreeing to pay the mortgages out of the proceeds of the sale.   The property was advertised to be sold on April 11, 1926, at 2 p. m. on the premises.   At that time about forty people were present, including respondent, who stood in her doorway and heard all bidding that took place.   Mr. Allen was present and his partner, Mr. Hanaford who is a licensed auctioneer in East Greenwich.   A Mr. Nolan, a licensed auctioneer of North Kingstown, was present and did the crying.   The auction flag bore Hanaford's name.   Mr. Clarence O. Carpenter, a licensed auctioneer of Warwick, was present before and during the sale.   Nolan did not say Carpenter was there during the entire sale nor did anyone else so testify.   Carpenter's testimony was not taken.   Nolan said that the terms of the sale were read before bids were called for but admitted that he made no reference to an upset price.

Nolan called for bids and the first one was $5000.   He picked several bids "out of the air" until he reached $6500 whereupon a Mr. Balfour, acting for complainants, bid $6550.   The evidence was that Nolan accepted this bid and

the inference is that he knocked down the property to Balfour.

Complainants made the 10% payment required by the terms of sale and as fixed by those terms twice attempted to pay the balance to Mrs. Berg. She refused to accept it or make the conveyance. There was no evidence of inadequacy of price or that the so-called sale was unfairly conducted, improperly advertised or not well attended. The only objection made to the sale at the hearing in the Superior Court was Mrs. Berg's, that she told the Agency that the property should not be sold for less than $8500. Her counsel conceded that if the court found her limitation of the sale price to have been $6500 instead of $8500 she had no defense. That court so finding it is now urged that there was no auction sale and no sufficient memorandum under the statute of frauds.

The sale is not shown to have been made by an auctioneer licensed in Warwick but this court decided in *Sweeney* v. *Brow*, 35 R. I. 227, at 238, that an auction sale was not invalid because it was conducted by an unlicensed auctioneer.

Respondent next contends that the sale was invalid because there was no public announcement before the auction of the minimum price at which she would sell. Without considering the effect of her presence at the sale as a possible estoppel against her raising this objection, it may be conceded that Mrs. Berg had the right to direct the auctioneer to make a public statement of her minimum price, *Farr* v. *John*, 23 Iowa, 286, but there is no evidence that she gave such directions. Without them the auctioneer was warranted in calling for bids and conducting the sale in such manner as seemed to him best adapted to secure the upset price fixed by the seller. 6 C. J. 827, § 18; *Holder* v. *Jackson*, 11 U. C. C. P. 543. The auctioneer's testimony was that announcement of $6500 upset price probably would have defeated the sale. Such notification is for the information of a prospective purchaser. It is not information to which he may claim to have been entitled before the bidding

when he bids an amount in excess of the upset price. The bid is only an offer for the property. When accepted at a figure exceeding the upset price .the purchaser has no complaint because the seller would have been willing to sell. for less than the buyer offered. Certainly the seller who gets more than her minimum price can not object to the validity of the sale because of failure to announce the price.

The taking of bids from "the air" might be. ground for complainants' repudiation of their bid. *Hartwell* v. *Gurney*, 16 R. I. 78. It can not furnish the seller a basis for repudiation of the auction sale. The buyers, who knew the facts, were satisfied with the sale, its conduct, and result. They sought to have it completed. This they were entitled to if the memorandum was sufficient. That it was adequate is established by *Preble* v. *Higgins*, 43 R. I. 10; *Sweeney* v. *Brow, supra.*

The decree appealed from is unnecessarily exhaustive and is unwarranted as against the mortgagees but it is not now questioned on these grounds. It is therefore affirmed and the cause is remanded to the Superior Court for further proceedings.