# J. W. MACK, ADMR., v. WALTER DAILEY, APT.

## GENERAL TERM, 1893.

*Lease. Payment of rent. Condition that lessee may pur-*
*chase. Ejectment.*

1.  Plaintiff leased defendant certain premises for a given term at
    a stipulated rent, payable monthly. The lease contained a
    proviso that the defendant might, at the expiration of the
    term, having kept all the conditions of the lease, purchase
    the premises if he so elected. *Held*, that if the plaintiff
    had received all the rent he could not refuse to convey, be-
    cause it had not always been paid when due.

2.  The language of the lease was that the defendant might pur-
    chase at "the option of the parties." *Held*, that this meant
    at the option of the defendant.

3.  The defendant, having performed all the conditions of the
    lease, elected to purchase, and so notified the plaintiff, who
    thereupon refused to convey and brought suit in ejectment
    under R. L., s. 1321. *Held*, that that action would not
    lie, for the plaintiff was no longer a lessor, but a vendor.

Justice ejectment. Plea, the general issue. Trial by
court at the September term, 1892, Washington county,
Ross, C. J., presiding. Upon the facts found judgment
was given for the defendant. The plaintiff excepts.

The plaintiff, as the administrator of one Jackson, leased
to the defendant certain premises in the town of Woodbury
for a term commencing June 1, 1891, and extending to No-
vember 1, 1891, for a rent of ten dollars per month, payable
monthly, and whatever taxes might be assessed against said

premises for that year. The lease provided that if the defendant kept and performed all its conditions up to the end of the term, he might occupy the premises without further consideration until the first of April, 1892 ; and that the defendant might purchase said premises, "at the option of the parties," and if he so elected before said April 1, what rent he had paid to be applied upon the purchase price.

The defendant entered into the occupancy of the premises under this lease and contract, and continued to occupy the same. He paid the rent and taxes, but did not always pay the rent when due, although it was received by plaintiff without objection. Subsequently to November 1, he seasonably notified the plaintiff that he elected to purchase the premises ; whereupon the plaintiff notified him that he should not convey said premises, and soon after brought this suit in ejectment.

*B. E. Bullard* for the plaintiff.

Ejectment is the proper remedy. R. L., s. 1321 ; *Horan* v. *Thomas*, 60 Vt. 325.

*T. J. Deavitt* for the defendant.

The defendant having duly elected to purchase the premises, was entitled to their possession. Hence ejectment will not lie. R. L., ss. 1324, 1325.

MUNSON, J. The defendant did not always pay the monthly rent on the day it became due, but the plaintiff accepted it when paid without objection. This acceptance was a waiver of the right to treat the failure to pay when due as a breach of the stipulation. Having thus performed his stipulations as lessee, the defendant was entitled to the benefit of the agreement to sell. The provision that the lessee may buy at the option of the parties clearly means at

his own option, and would add nothing to the contract unless so construed. The defendant seasonably made known to the plaintiff his election to take the premises as purchaser. So the holding complained of was not against the plaintiff as lessor, but against him as vendor. The question being one between vendor and purchaser, this remedy is not available. *Davis* v. *Hemenway*, 27 Vt. 589; *Pitkin* v. *Burch*, 48 Vt. 521. It is not necessary to consider how the plaintiff's obligation to convey may be affected by the proviso contained in the agreement to sell. The defendant cannot be compelled to litigate his rights under that agreement in this proceeding.

*Judgment affirmed.*