# Larry *v*. Brown.

## *Specific Performance.*

(Decided Nov. 14, 1907.   44 So. Rep. 841.)

1. *Payment; Application.*—When a debtor owes several distinct debts to one creditor and makes a payment without directing how it shall be applied, the creditor may apply the payment to either debt, at his option.

2. *Same.*—Where a debtor owes several debts, one of which is secured by mortgage, a payment made from the proceeds of the mortgage property cannot be applied to any except the mortgage debt, until it is satisfied, without the consent of both parties.

3. *Same.*—Where no particular application of partial payments is directed by the debtor or made by the creditor, the payment will be applied to the oldest item of the debt.

4. *Landlord and Tenant; Option to Purchase; Forfeiture.*—Where a contract for the lease of certain lands for a given length of time at an agreed yearly rental, made the rent payable at a given time each year, and provided that if the tenant promptly paid each rental on the date it was due he should have the option to purchase the property at a stipulated price, but that such option should be lost on his failure to make such rental payments when due, and the lessor made advances to the tenant at different times, secured by mortgage or liens on the crop, which also secured the rent due, and the tenant paid the lessor each year on or before the day the rental was due a sum of money not exceeding the rental debt, but less than the entire debt due, without directing to which debt the payment should be applied, and the lessor applied it to the debts other than the rental, and gave the tenant receipts showing such application, which were received without objection, the lessee or tenant is put in default in the payment of his rents and forfeited his option to purchase.

5. *Sale; Distinguished from Option; Contract of Rental.*—Where the contract provided for the rental of the land for five years at a stipulated yearly rental payable on a certain date and providing for an option to purchase at a stipulated sum if the rents were paid at maturity, and on failure to pay at maturity, a forfeiture of the right to purchase, such contract was a rental contract with option to purchase, of which time of payment of the rents was of the essence, and a failure to pay at maturity forfeited the option to purchase.

6. *Same; Options to Purchase; Time for Exercise; Waiver.*—While the time for payment of rent in a contract containing an option to purchase forfeitable on failure to pay rent at maturity was for the benefit of the party granting the option and may be waived by him, the receipt by him of the rent after maturity was not a waiver of the

time of payment as a condition precedent to the exercise of the option, the. contract providing for. the payment of the rent in any event and without regard to the option.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by James Larry against S. H. Brown for specific performance of a contract. From a judgment for complainant, respondent appeals. Reversed and remanded.

The contract sought to be enforced was as follows: "S. H. Brown hereby rents to James Larry (and also agrees on certain conditions stated to sell to him) for a period of five years beginning on January 1, 1902, the N. E. ¼ of N. W. ¼, section 29, township 21, range 9 W., in Tuscaloosa county, Ala., on the following conditions: (1) Larry agrees to pay to Brown on the 1st day of each November of each year during the continuance of this contract (beginning November 1, 1902) an annual rental for said land the sum of $40, and as to the payment of said sum of $40 for each of said years Larry expressly waives the benefit of all exemption laws and agrees to pay all costs of collection, including a reasonable attorney's fee. (2) In the event of a failure on the part of Larry to have said rent paid in full promptly at its maturity in any year, said Larry forfeits any other rights that he may have under this contract, and upon such failure he thereupon agrees to surrender possession of said real estate on or before the 1st day of December of such year. (3) So long as Larry promptly complies with his foregoing undertaking to pay the annual rental of said land, then Brown agrees to give to Larry the right or option to buy said real estate at any time during the continuance of this contract at the price of $400 cash and upon the payment of said sum cash said Brown will thereupon execute and deliver to said Larry a deed conveying to him all of the right, title, claim, and

interest of said Brown to said land above described; but it is expressly understood that said Larry will lose his right to purchase said land, should he at any time make default as to his payment of rent as hereinbefore provided." This was signed by both parties to the contract.

ROBISON BROWN, for appellant.  If a contract provides for an election before deed is to be made the election must be averred and proved and the pleading and proof must be clear and harmonious.—*Farmer v. Sellers*, 33 South. 829; *Hearst v. Thompson*, 73 Ala. 158; 5 Malf. Dig. 875.  Time was of the essence of the contract under consideration.—*Lowery v. Peterson*, 75 Ala. 109; *Fullenwider v. Roman*, 34 South. 979.  Where different debts are owing the debtor has the right to make the application of payment to whichever debt he pleases, but if he fails the creditor has the right, and the application having been made by the creditor, it cannot be changed without the consent of both parties.—*Kent v. Marx*, 14 South. 473; *Turrentine v. Griggsby*, 23 South. 668.

FOSTER & OLIVER, for appellee.  Although in the form of an option the contract is mutual and enforceable at the suit of the vendee.—*Davis v. Roberts*, 89 Ala. 104; *Fullenwider v. Rowan*, 136 Ala. 309.  A vendor cannot by his own acts cause a forfeiture of a vendee's rights. —*Karns v. Olney*, 13 Am. St. Rep. 101.  The rent being the oldest debt in point of time, and both debts being secured and paid out of crops grown on the rented land payment must, in absence of agreement, be applied first to the rent.—*Connor v. Armstrong*, 91 Ala. 267; *Darden v. Gersont*, Ib. 324.  A creditor cannot apply payments so as to work injustice or wrong to the debtor.— Note on page 238, 18 A. & E. Ency. of Law; note to

[Larry v. Brown.]

*Blake v. Sawyer,* 12 L. R. A. 712.  Brown by waiver of payment on time lost the right to treat the contract as forfeited.—*Davis v. Roberts,* 89 Ala. 406.

SIMPSON, J.—This was a bill filed by the appellee against the appellant, praying specific performance of an agreement to sell the lands therein described to complainant.  The contract on which the equity of the bill rests is set out as an exhibit to the bill and will be set out in substance in the statement by the reporter.  The original agreement of renting, in which was included an option to purchase, was dated October 26, 1901, and the agreed statement of facts shows that advancements were received by complainant during the years 1902, 1903, 1904 and 1905; that on January 6, 1902, complainant executed to respondent a note and mortgage on his crops to be grown on said lands during that year, and on certain other personal property, for $200, due October 15, 1902, which included the $40 rent, and also amounts due for previous advancements, some of which had been made before the execution of the original agreement.  Certain other advancements were made during that year and in the fall and winter payments were made, reducing the entire amount due, and on Maroch 30, 1903, complainant executed another mortgage and note, covering the same property and the crops of that year, for $133, due November 1, 1903, which included the balance due and advances up to date.  During the fall of that year the complainant paid respondent sufficient amount of money to pay off entirely said mortgage, but said nothing as to which debt it was to be applied to.  Respondent applied the money to the payment of said mortgage, and when, on November 7, 1903, complainant paid him $30, respondent gave him a receipt for the same "on rent note."  On March 2, 1904, complainant executed another

mortgage and note for $143, due October 15, 1904, which included the balance of $10 due from the previous year and advances received up to date. Other advances were received during that year, and by sundry payments during the fall and winter of that year, the last payment being early in December, he paid the entire amount of advances and rent. No mortgage was made in 1905, but certain advancements were made, and on October 7th of that year complainant paid $50, without any particular instructions as to its application, and respondent gave two receipts, one for $35 "on ac't" and the other for $15 "on rent," and on November 15th, the remainder being paid, he executed a receipt therefor. All of the payments were made from proceeds of crops raised on said lands. The only thing said between the parties about the option, subsequent to the execution of the original instrument, was that complainant asked respondent in 1902, whether, in case he should improve the land and fail to avail himself of the option, he would be deprived of its use during the five-year period, to which respondent replied, "No;" that as long as he paid the rent he could continue in possession for five years.

The contention of the appellant is that, although complainant paid each year, on or before November 1st, an amount exceeding the $40 rent which was to be paid, yet, as the complainant gave no directions as to which debt the payment should be applied to, and as respondent applied it to the other amounts due, thus leaving a portion of the rent not paid promptly at maturity, the complainant thereby forfeited his option to purchase. There is no controversy about the fact that a proper tender was made, on November 18, 1905, to purchase the land. Whatever may be the rule in other jurisdictions, it is the law of this state that, where a debtor owes several distinct debts to one creditor and makes a payment

without directing how it shall be applied, the creditor may apply the payment to either debt, as he may choose.—*Johnson v. Thomas,* 77 Ala. 367; *Heard v. Pulaski,* 80 Ala. 502, 2 South. 343; *McCurdy v. Middleton,* 82 Ala. 131, 137, 2 South. 721; *Kent & Barnett v. Marks & Gayle,* 101 Ala. 350, 353, 14 South. 472. It is true that certain conditions may qualify this rule, such as that if one of the debts be secured by a mortgage and the other not, and the payment is from the proceeds of the mortgaged property, said proceeds cannot, without the consent of both parties, be applied to any debt except the mortgage debt, until it is satisfied.—*Strickland v. Hardie,* 82 Ala. 412, 414, 3 South. 40; *Boyd & Co. v. Jones & Pope,* 96 Ala. 305, 308, 11 South. 405, 38 Am. St. Rep. 100; *Pearce v. Walker,* 103 Ala. 250, 252, 15 South. 568; *Darden v. Gerson & Winter,* 91 Ala. 325, 9 South. 278. The rule applying partial payments to the oldest items applies only where no particular application is directed or made by either party.—*Connor v. Armstrong,* 91 Ala. 265, 9 South. 816.

The agreed statement of facts shows, not only that the complainant, when he made payments, did not direct to which debt they should be applied, but also that the creditor applied them to the debt other than the rent, and gave receipts to the complainant showing that fact, which receipts were received without objection. The debts were of equal dignity, secured by the same mortgage, or by lien on the crops for rent and advances. Consequently the rents were not paid at maturity. So it remains to determine the nature of the contract and the effect of such failure thereon. It was, first, a contract of renting; second, it had none of the elements of a sale; third, it was not an agreement to sell, for there was no such aggregatio mentium as is necessary to constitute an agreement. There was no obligation, on the part of

[Larry v. Brown.]

the complainant, to purchase the land. The instrument itself shows that, while there was an agreement to rent, yet there was merely an option granted to the complainant to purchase the land, at any time during the term of five years, provided he paid the rent "at maturity," and it is disitnctly stated that, if he failed to do so in any year, he thereby forfeited the right to purchase. The parties have thus made time of the essence of the contract, and in order to avail himself of the option it was necessary for the complainant to pay the rent at maturity.—*Fulenwider v. Rowan et al.,* 136 Ala. 287, 303, 304, 34 South. 976. It is true that the time of payment, being provided for the benefit of the party granting the option, might be waived by him.—*Lowery v. Peterson,* 75 Ala. 110, 113; *Garrison v. Glass,* 139 Ala. 512, 517, 36 South. 725. Yet, in the present case, it cannot be said that the time of payment, as a condition precedent to the exercise of the option, was waived by "any act clearly evincing an intention to treat the contract as a valid subsisting contract of purchase," for the reason that, because of the dual nature of the contract in question, the rent was payable at any rate, without regard to the option, and the receiving of payment of the rent could not evidence an intention to continue the option, or waive the condition necessary to its exercise.

The decree of the court is reversed, and a decree will be rendered dismissing the bill.

Reversed and rendered.

Tyson, C. J., and Anderson and Denson, JJ., concur.