# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

## CRYSTAL LAKE CEMETERY ASSOCIATION v. HORACE M. FARNHAM and Another.[1]

March 5, 1915.

Nos. 19,041—(255).

**Lease and option to buy — parol evidence admissible.**

1. Where the owner executes a lease of real estate and also executes to the lessee an option to purchase the same, parol evidence is admissible to show that both instruments were executed at the same time and as parts of the same transaction, although they bear different dates.

**Consideration for option.**

2. The obligations assumed by the lessee under the lease furnish a sufficient consideration to support the option, as they are parts of one contract.

[1] Reported in 151 N. W. 418.

Note.—On the question whether the acceptance of rent accruing after cause for forfeiture, with knowledge of such cause, is a waiver of forfeiture, see note in 11 L.R.A.(N.S.) 831.

129 M:—1.

**Waiver of default.**

    3. The option provided that failure to pay the rent at the time and in the manner stated in the lease should render the option void. One instalment of rent was not paid until some weeks after it became due, but was then paid and accepted without objection. Subsequent instalments were also paid and accepted without objection. *Held* that the default resulting from the failure to pay such instalment at the time stipulated had been waived.

**Evidence — value of improvements.**

    4. Evidence as to the character and value of improvements placed upon the premises by the lessee was properly received, although he had the right to remove such improvements.

Action in the district court for Hennepin county for specific performance of an agreement to convey certain land. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Axel A. Eberhart,* for appellants.

*Helliwell, Keyes & Carroll,* for respondent.

TAYLOR, C.

The trial court decreed that defendants should convey certain real estate to plaintiff under and pursuant to an option given by defendants to William C. Drake and transferred by Drake to plaintiff. Defendants appealed from the judgment.

By an instrument in writing bearing date May 2, 1904, defendants leased the premises in controversy to Drake from July 1, 1904, until July 1, 1914, at an annual rental payable in advance on July 1 of each year, and Drake agreed therein to pay the rental as it accrued together with all taxes and assessments that should be levied against the land. By another instrument bearing date May 3, 1904, defendants gave Drake an option to purchase the land at any time before July 1, 1909, for the sum of $1,000; and at any time after July 1, 1909, and before July 1, 1914, for the sum of $1,200. The option agreement recited the making of the lease and provided that failure to pay the rent at the time and in the manner required by the lease should render the option void.

1. The court permitted Drake to testify that, although the lease bore date May 2, and the option May 3, they were in fact both executed at the same time and as parts of the same transaction. Defendants contend that this evidence should have been excluded, on the ground that it tended to vary the terms of a written instrument. The rule invoked does not apply to such testimony. The time at which an instrument was executed may be shown by parol, and, where two or more instruments, bearing different dates, were executed at the same time and as a part of the same transaction, such facts may also be shown by parol. 1 Dunnell, Minn. Dig. §§ 3372, 3373; Klemik v. Henricksen Jewelry Co. 128 Minn. 490, 151 N. W. 203.

2. As the court found that the making of the lease and the giving of the option were parts of the same transaction, and the evidence justifies such finding, the obligations assumed by Drake under the lease constituted a sufficient consideration to support the option. 2 Dunnell, Minn. Dig. § 5404; 24 Cyc. 1021; Murphy v. Anderson, 128 Minn. 106, 150 N. W. 387.

3. Plaintiff failed to pay the rent due on July 1, 1909, on that date, but paid it a few weeks later, and has made all subsequent payments at the proper time. Defendants received and accepted all these payments without objection, but contend, as a defense to this action, that plaintiff forfeited its option by failing to make the 1909 payment at the stipulated time. The rent was payable in advance. Defendants made no claim for possession of the property, accepted the 1909 payment when tendered, and accepted the rent as it accrued during the remaining four years of the term. Such conduct constituted a waiver of any right they may have possessed to claim a forfeiture; and the fact that the payment of five years ago was not made on the exact date it became due will not defeat the present action. Raddatz v. Florence Inv. Co. 147 Wis. 636, 133 N. W. 1100; Mack v. Dailey, 67 Vt. 90, 30 Atl. 686.

There was no error in receiving evidence as to the character and value of the structures placed upon the premises by the lessees, notwithstanding the fact that the lease gave them the right to remove such structures before the expiration of the term. It is obvious that

the value of such structures, if necessary to remove them, would be quite different from their value for continued use where they then were.

Judgment affirmed.