(75 South. 460)

THOMPSON v. JONES. (5 Div. 659.)

(Supreme Court of Alabama. April 26, 1917. Rehearing Denied May 24, 1917.)

1. PAYMENT 39(4)—APPLICATION OF PAYMENTS — PARTNERSHIP AND INDIVIDUAL DEBTS.

Where the members of a partnership executed a mortgage, and J., one of the partners, who was individually indebted to the mortgagee, delivered a mortgage payable to him individually as collateral security for his individual indebtedness and the firm indebtedness, the rule that, in the absence of agreement, a payment from a particular fund must be applied in relief of such fund, and that a mortgagee is bound to apply moneys realized from the sale of mortgaged property to the mortgage debt, had no application and did not prevent the mortgagee from applying payments made on the J. mortgage partly on each debt.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 107.]

2. APPEAL AND ERROR 1010(1)—REVIEW— QUESTIONS OF FACT.

Where there was oral testimony which if accepted warranted the conclusion of the trial court, and the evidence as presented on appeal was in rather a confused state, the conclusion of the trial court would not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981, 4024.]

Appeal from Circuit Court, Chilton County; A. H. Alston, Judge.

Suit by Gordon S. Jones against J. L. Thompson. Judgment for plaintiff, and defendant appeals. Affirmed.

Suit by appellee against appellant on certain "bond and mortgage" executed by defendant to one J. E. Littlejohn March 12, 1914, and transferred to plaintiff for value. The paper sued upon was executed by defendant and one B. E. Jones; it appearing that defendant and said B. E. Jones had composed a partnership under the style of Jones & Thompson Lumber Company. Said B. E. Jones was also in the mercantile business with his brother under the firm name of B. E. Jones & Bro., and said B. E. Jones was also indebted to the plaintiff individually and aside from his obligation on the paper here sued upon. The cause was tried upon the general issue and plea of payment, resulting in judgment for the plaintiff, from which this appeal is prosecuted.

Middleton & Reynolds, of Clanton, for appellant. Curry & Walker and Lawrence F. Gerald, all of Clanton, for appellee.

GARDNER, J. The plaintiff (appellee here) testified that B. E. Jones (who was a member of the firm of Jones & Thompson Lumber Company, and who executed the paper sued upon with defendant, Thompson) was indebted to him individually aside from the obligation the subject-matter of this litigation; that a certain mortgage on personal property executed by one R. E. Jones was payable to B. E. Jones individually and was placed by the latter with plaintiff as collateral security both for the individual indebtedness of B. E. Jones and the firm indebtedness as evidenced by the paper here sued upon. The indebtedness of R. E. Jones, or a large portion thereof, was paid by him to plaintiff, and was credited partly on each indebtedness.

Counsel for appellant insists that as a matter of law the proceeds of this collateral security should all have been credited on the firm indebtedness under the well-recognized principle that, in the absence of any specific application by the debtor, the law, there being no agreement of the parties to the contrary, applies a payment realized from a particular fund in relief of such fund, and that

a mortgagee, under this principle, in the absence of any agreement with the mortgagor, is bound to apply moneys realized from the sales of property covered by the mortgage to the mortgage debt. Taylor v. Cockrell, 80 Ala. 236; Larry v. Brown, 153 Ala. 452, 44 South. 841.

[1, 2] It is therefore urged here that this principle was not given application in the instant case. The trial was had before the court on oral testimony without a jury. The evidence here presented is in rather a confused state. The mortgage of R. E. Jones, placed as collateral, does not appear to have been offered in evidence, but we note the evidence of the plaintiff above referred to that it was payable to B. E. Jones individually, and by him placed as collateral security for both debts. The trial judge had the witnesses before him, and if the evidence noted is to be accepted, the principle invoked by counsel as set forth in the above authorities was not infringed upon

With the evidence before us as presented by the record, we are unwilling to disturb the conclusion of the trial court, and the judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.