RAFFENSPERGER, Respondent, vs. VAN KOOY, Appellant.*

*January 9—February 5, 1952.*

* Motion for rehearing denied, with $25 costs, on April 8, 1952.

590

For the appellant there were briefs by *Kenney & Hays,* attorneys, and *Giles F. Clark* of counsel, all of Milwaukee, and oral argument by *Mr. Clark* and *Mr. Reginald I. Kenney.*

For the respondent there was a brief by *Edward C. Plantz* and *John J. Devos,* both of Milwaukee, and oral argument by *Mr. Devos.*

BROADFOOT, J.   Defendant contends, first, that the option granting plaintiff the right to purchase the property does not extend to the four-year period ending on March 12, 1952. She contends that the provision of the lease granting tenancy during the first period commencing March 12, 1945, is an unconditional term; that the grant for additional four years commencing March 12, 1948, is a conditional term; and that therefore the option to purchase does not extend during the second term. Her contention is without merit. The plaintiff held during both terms under the original lease and the holding during the second term was under the lease rather than under the notice required to be given in case of a desire to extend its term. *Sheppard v. Rosenkrans,* 109 Wis. 58, 85 N. W. 199.

The question whether the option to purchase is extended to, and during the additional term, is ruled by the case of *Link Wholesale Grocery, Inc., v. Krause,* 257 Wis. 207, 43 N. W. (2d) 25, where the issue was presented on a demurrer to the complaint. There the lease provided that the tenant was "to hold for the term of·five years from the first day of October, A. D. 1940;" the lease in the instant case contains the identical provision, "to hold for the term of three (3) years, beginning on the 12th day of March, 1945." The lease in the *Link Case* contains the provision that "it is further agreed that the lessee shall have, and it is hereby granted, the privilege of renewing this lease for an additional period of five years;" with respect to renewal the lease in the instant case contains the provision, "with an option for an additional four years at the same rental."

There the lease provides: "as one of the considerations of this lease, the lessors hereby give and grant to the lessee the option to purchase . . . at any time during the term of this lease;" the lease in the instant case provides: "the lessee to have an option to purchase the property and restaurant equipment any time during the term of this lease." There

is nothing in the language of the two leases to distinguish them.

It was alleged in the complaint that the tenant had served notice of election to exercise the option to purchase, but that the owners had refused to convey without alleging upon what ground the refusal had been made.

In the *Link Case* we held that the option might þe exercised during the renewed term of the lease. We adhere to the rule of that case and conclude that in this case the option to purchase continued and might be exercised at any time prior to March 12, 1952.

The defendant contends further that the notice of election to exercise the option was an equivocal and conditional acceptance of the offer of defendant to convey. A similar offer made in the *Link Case* was held to be conditional and therefore not effective.

Defendant's letter of February 12, 1951, makes no mention of the fact that she claimed the notice of election to exercise the option was not an election to exercise unconditionally. In fact, the defendant expressly repudiated and renounced the option and gave as her only reason for refusing to perform the fact that the option had expired on March 12, 1948. This refusal to perform must be construed to mean that the defendant would have refused to perform even though the plaintiff had offered to exercise the terms of the option unconditionally, and gave the plaintiff the option to treat the entire contract as broken and to sue immediately for breach. 12 Am. Jur., Contracts, p. 970, sec. 392.

In *Kreutzer v. Lynch,* 122 Wis. 474, 100 N. W. 887, there had been negotiations for the sale to the plaintiff of defendants' land. Out of correspondence had between the parties the court read an option granting plaintiff thirty days to purchase the land for $6,000. Plaintiff's assignee wrote one of the defendants a letter accepting the option but attaching certain conditions with respect to abstract examination,

etc. Following receipt of the letter defendant wrote plaintiff unqualifiedly refusing to convey. The court gave serious consideration to the question whether the letter of acceptance was a categorical acceptance of the offer, and stated that such an offer must be accepted in its exact terms in order that a contract should arise therefrom, but held that the previous negotiations between the parties showed that the conditions contained in the letter were mere suggestions as to the method of closing the deal and that the letter constituted an unconditional acceptance of the offer. Defendants contended that because there had been no formal tender to them of the purchase price the plaintiff should not be granted specific performance. The court said that such a tender might be necessary if the defendants had not indicated their purpose to refuse to convey, and said (p. 478):

". . . it is also a fundamental principle governing most human affairs that conduct on the part of one justifying belief in the other that certain action on his part would be futile constitutes a waiver of such action. [Citing cases.] It fully appears in this case that the defendant *Lynch,* without waiting for such tender, denied the existence of any contract, and notified the plaintiff that no conveyance of the land would be made for $6,000; and this of itself constituted a repudiation and breach of the contract, and waived the tender of the purchase price as a step necessary to the placing of defendants in default."

*Inglis v. Fohey,* 136 Wis. 28, 116 N. W. 857, was also an action for specific performance of a contract to convey real estate. There the court also held that to entitle the vendee to specific performance he need not show tender after the vendor had repudiated the contract.

The trial court allowed the defendant interest on the $15,000 from February 1, 1951, to the date upon which the $15,000 was deposited with the clerk. Since the plaintiff continued to be the tenant of the defendant until he commenced his action, he was not liable for interest but was

liable for the rent. In defendant's counterclaim she asked for rent due on February 1st and March 1st. This should have been allowed her, and for that reason the case is remanded with directions to amend the judgment by allowing defendant rent at the fixed rate until March 3, 1951, instead of the amount adjudged to be paid to her for interest. The matter of determining the amount of rent for which the plaintiff is liable is one of mere computation; the dates and the rate of rental are undisputed.

The motion of defendant for leave to amend her answer to set up a cause of action for reformation of the lease came after order for judgment. Such a motion is addressed to the discretion of the court, and the court's decision thereon will not be disturbed except for clear abuse. *Kaegi v. Industrial Comm.* 232 Wis. 16, 285 N. W. 845.

*By the Court.*—Order affirmed. Cause remanded with instructions to modify the judgment by eliminating therefrom the provision for interest adjudged to be due the defendant and by substituting therefor the amount of rent due the defendant under the lease to March 3, 1951. As so modified the judgment is affirmed.