HAFEMANN and wife, Respondents, vs. KORINEK and wife, Appellants.

*March 4—April 6, 1954.*

452

For the appellants there were briefs by *Zillmer & Redford* of Milwaukee, and oral argument by *John M. Redford*.

For the respondents there was a brief by *George Barrock*, attorney, and *John J. Devos* of counsel, both of Milwaukee, and oral argument by *Mr. Devos* and *Mr. Barrock*.

CURRIE, J. The plaintiff lessees contend that the order denying defendants' motion for summary judgment was proper because the pleadings and affidavits raised material issues of fact. However, it has been repeatedly held that disputed questions of fact, where they are immaterial to the questions of law presented, do not afford a basis for denying an application for summary judgment. *Carney-Rutter Agency v. Central Office Buildings* (1953), 263 Wis. 244, 248, 57 N. W. (2d) 348; *Des Jardin v. Greenfield* (1952), 262

Wis. 43, 50, 53 N. W. (2d) 784; *State ex rel. Salvesen v. Milwaukee* (1946), 249 Wis. 351, 355, 24 N. W. (2d) 630.

The Nebraska supreme court in the recent case of *Healy v. Metropolitan Utilities Dist.* (1954), 158 Neb. 151, 000, 62 N. W. (2d) 543, 547, laid down the following rule for determining when a summary judgment should be granted:

"In the final analysis a summary judgment should be allowed when it is made abundantly clear that a formal trial could serve no useful purpose and could only result in a judgment as a matter of law."

If the defendant lessors are correct in their contentions, then they are entitled as a matter of law to a judgment dismissing the complaint irrespective of any disputed questions of fact raised by the pleadings. These contentions are:

(1) The plaintiff lessees materially failed to comply with the requirement contained in the option clause of the lease that they would *"pay the rent punctually"* as a condition precedent to being granted an option to purchase the premises; and

(2) The lessees failed to unconditionally exercise the option to purchase within the time specified therefor, because of including in their notice of election to purchase a demand that the lessors furnish an abstract.

The lessees failed to pay the monthly instalments of rent due July 15, 1951, August 15, 1951, and September 15, 1951, until after the lessors had instituted an unlawful-detainer action, which action was instituted September 24, 1951. The lessees further defaulted by failing to pay the monthly rental payments due March 15, 1952, April 15, 1952, and May 15, 1952. Because of such nonpayment the lessors under date of June 4, 1952, served upon the lessees a three-day notice to pay rent or deliver up the premises, and then the lessees paid up the three months' arrearages of rent they owed. We thus have a situation where the delay in payment of the rent when

due was not inconsequential, or due to mere inadvertence, but was for a substantial length of time necessitating that the lessors take affirmative action and incur expenses in order to collect the same.

The lease is silent as to the objective sought to be accomplished by the provision thereof making the punctual payment of rent a condition precedent to the option to purchase becoming effective. Counsel for the lessees maintain that such provision for punctual payment of rent bears no relationship to the option inasmuch as the purchase price is payable in cash. Apparently, counsel think that the only purpose of such a provision would be to protect the lessors against the contingency of having to sell to lessees who had demonstrated that they were poor credit risks by failing to pay the rent when due. It would seem more reasonable to assume that the purpose intended was to provide the lessees with an added incentive to pay the rent when due and thus endeavor to insure the lessors from being discommoded by reason of delays in receipt of the rental. Such an objective certainly is not against public policy and no valid reason has been advanced why the clause in question in this lease should not be enforceable according to its express language.

In *Carpenter v. Thornburn* (1905), 76 Ark. 578, 89 S. W. 1047, the Arkansas court had before it a provision in an option clause which required the prompt payment of rent notes by the lessees as a condition precedent to exercising the option. The court in its opinion declared (76 Ark. 582, 89 S. W. 1048):

"Now, in this contract the parties expressly stipulated that time was of the essence of the contract. The right of the defendant to purchase the land depended under the contract, upon the prompt payment of the five rent notes as they fell due. Until he had paid those notes, he had under his contract no right to purchase. . . . *The contract may be a harsh one, but it contravenes no rule of public policy. The parties*

*made it, and the courts cannot alter it."* (Emphasis supplied.)

In behalf of the lessees it is asserted that the lessors waived the breach of the condition precedent as to punctual payment of rent by acceptance of the past-due rent in both instances. We can perceive no merit in this contention. The lessees had entered into a valid lease for a three-year term and, even though they had materially breached the covenants of such lease by their repeated failure to pay the rent when due, the lessors were still entitled to collect such past-due rent independently of the option-to-purchase clause. True, such acceptance was a waiver of any right to insist on forfeiture of the lease, but how can it be assumed that there was also an intent to waive the condition precedent of the option clause?

The case of *Brown v. Larry* (1907), 153 Ala. 452, 44 So. 841, involves a lease containing an option-to-purchase clause worded quite similarly to that before us in the instant case. The lessee failed to pay the annual rent when due but the lessor nevertheless accepted payment of the same when eventually paid. Thereafter, the lessee sought to exercise the option to purchase and, when the lessor refused to convey, the lessee instituted an action for specific performance. The lessee contended that the lessor had waived the condition precedent requiring prompt payment of the rent. The Alabama supreme court in its opinion stated (153 Ala. 458, 44 So. 843):

"It is true that the time of payment, being provided for the benefit of the party granting the option, might be waived by him. [Citing cases.] Yet, in the present case, it cannot be said that the time of payment, as a condition precedent to the exercise of the option, was waived by 'any act clearly evincing an intention to treat the contract as a valid subsisting contract of purchase,' for the reason that, because of the dual nature of the contract in question, the rent was payable at

any rate, without regard to the option, and the receiving of payment of the rent could not evidence an intention to continue the option, or waive the condition necessary to its exercise."

We are cognizant of the fact that there are other cases such as *Crystal Lake Cemetery Asso. v. Farnham* (1915), 129 Minn. 1, 151 N. W. 418, and *Mack v. Dailey* (1894), 67 Vt. 90, 30 Atl. 686, which hold contra to *Brown v. Larry, supra*. However, the logic of the holding of the Alabama court in *Brown v. Larry* to us seems unanswerable, and we therefore prefer to follow the precedent of that case as embodying the sounder rule.

Counsel for the lessees rely upon our decision in *Raddatz v. Florence Investment Co.* (1912), 147 Wis. 636, 133 N. W. 1100. The facts of that case are readily distinguishable from those of the case at bar. The option to purchase recited a $100 payment as a consideration for the option, but this was not paid by the lessee until after the lease was entered into. Furthermore, the lessee made improvements to the property and extended the fire insurance policy insuring the leased dwelling house to a date one year and four months beyond the expiration date of the lease and lodged such policy with the lessor. It was held that such acts of the lessee constituted an exercise of the option to purchase long before the lease expired so that any failure to pay rent thereafter promptly when due constituted a breach of a condition subsequent. The principal point at issue was the failure of the lessee to tender the purchase price on the expiration date of the lease when it was due. Both the trial court and this court held that equities of the case were so strong in favor of the lessee-purchaser that equity would relieve him from the forfeiture. The learned trial judge who tried the case, and who later became a distinguished member of this court, in his memorandum decision, in referring to the conduct of the defendant

lessor stated, "I have never before had to do with a case so hard and oppressive as this one."

There is a great difference between refusing to permit a forfeiture for alleged breach of a condition subsequent in the *Raddatz Case,* because to have done so would have worked a constructive fraud, and enforcing the condition precedent of the option-to-purchase clause in the lease before us on this appeal. The principle of the *Raddatz Case* should not be extended to a fact situation, such as in the case at bar, so as to hold that the acceptance of the past-due rent worked a waiver of the condition precedent, which condition had to be substantially complied with before an option to purchase in favor of the plaintiff lessees ever came into being.

. However, there is a further reason why the plaintiff lessees cannot prevail in their action, irrespective of the issue of waiver that we have been considering, and that is their failure to unconditionally exercise the option to purchase. An option binding an owner of real estate to sell on certain terms constitutes an offer. In order that a contract may result therefrom there must be an unconditional acceptance of such offer by the optionee. If, in his notice of election to exercise the option, the optionee includes a demand for performance outside of the terms of the option that would impose an additional burden on the optionor, such notice is not deemed to be an acceptance of the offer but instead constitutes a counteroffer.

The plaintiff lessees' inclusion of the demand for an abstract in their notice of election to exercise the option was therefore not such an acceptance of the terms of the offer to sell contained in the option so as to result in a contract of sale. It was a mere counteroffer which was properly rejected by the defendant lessors. The law is clear that there is no obligation on a vendor to furnish an abstract unless the terms of the contract of sale so provide. *Clarke v. Maisch*

(1920), 171 Wis. 225, 177 N. W. 11, and annotation in 52 A. L. R. 1460, 1462.

Our recent decision in *Raffensperger v. Van Kooy* (1952), 260 Wis. 589, 51 N. W. (2d) 488, is relied upon by the plaintiff lessees. The lease in that case, however, provided that the lessee might exercise the option to purchase at any time within the term of the lease. The lease as extended expired on March 12, 1951, and the lessee by letter to the lessor dated January 22, 1951, sought to exercise the option but included a demand that an abstract be furnished, which demand, as in the instant case, interjected a condition not included in the terms of the option. The lessor flatly refused to convey and on March 3, 1951, which was prior to the expiration date of the lease, the lessee commenced his action for specific performance, and this court affirmed the judgment of the trial court decreeing specific performance. While the original notice of election by the lessee did not constitute an acceptance of the offer contained in the option, the timely institution of the action for specific performance by the lessee before the expiration of the option period cured such first defective acceptance.

Another case closely paralleling in facts those of *Raffensperger v. Van Kooy* is *Asbury v. Cochran* (1942), 243 Ala. 281, 9 So. (2d) 887, wherein the lessee also demanded the furnishing of an abstract in his notice of election to exercise the option, but commenced his action for specific performance prior to the expiration date of the option. The court in its opinion stated (243 Ala. 283, 9 So. (2d) 888):

"But while an election to accept and exercise the option is necessary so as to bind the holder of it, and so as to make it mutually binding, the act of filing a bill [for specific performance] declaring such acceptance and election is sufficient, since he [the lessee] thereby places himself under all the obligations of the contract."

In the instant case the lease provided that the option could only be exercised by the lessees giving notice thereof at least three months prior to the expiration of the lease. Therefore, the action for specific performance, in order to be effective to cure the defective notice demanding an abstract, necessarily must have been instituted not later than three months before the expiration date of the lease. The action was not commenced until after the expiration of the lease, which clearly distinguishes the instant case from those of *Raffensperger v. Van Kooy, supra,* and *Asbury v. Cochran, supra.*

The defendant lessors were, therefore, entitled to have their motion for summary judgment granted because the lessees had failed to substantially perform the condition precedent necessary to make the option effective, and for the further reason that the lessees had imposed a condition in their attempted notice of exercise of the option which they had no right to impose.

*By the Court.*—Order reversed and cause remanded with directions to dismiss plaintiffs' complaint.