Last, Appellant, v. Puehler and wife, Respondents.

*February 6—March 5, 1963.*

For the appellant there was a brief and oral argument by *Henry P. Hughes* of Oshkosh.

For the respondents there was a brief by *Williams, Williams & Meyer* of Oshkosh, and oral argument by *Harry E. Meyer.*

HALLOWS, J. The order sustaining the demurrer and dismissing the complaint amounts to a final determination of the rights of the parties to the action and therefore is in effect a judgment and appealable. Sec. 270.53 (1), Stats. An order dismissing the complaint may be treated by this court as a judgment. *State v. Donohue* (1960), 11 Wis. (2d) 517, 105 N. W. (2d) 844. See *Russell v. Johnson* (1961), 14 Wis. (2d) 406, at page 412, footnote 7, 111 N. W. (2d) 193; *State v. Eigel* (1933), 210 Wis. 275, 246 N. W. 417. On appeal from a judgment this court can review an order sustaining the demurrer. Sec. 274.34.

*Leibowitz v. Leibowitz* (1944), 245 Wis. 218, 14 N. W. (2d) 2. See Walther, Wisconsin Supreme Court Practice— Appealability of Orders and Judgments, Vol. 2, No. 4, Wisconsin Continuing Legal Education (Oct. 1962), pp. 23, 51, 52.

Defendants contend the complaint does not state a cause of action because it does not allege they elected to consider the plaintiff as a holdover tenant from year to year and therefore the provisions of sec. 234.07, Stats., do not apply. The complaint alleges the acceptance of rent by the defendants after the termination of the lease. The acceptance of rent from a holdover tenant raises a rebuttable presumption the landlord has elected to consider the tenant from year to year upon the terms of the original lease. See *Rottman v. Bluebird Bakery* (1958), 3 Wis. (2d) 309, 311, 88 N. W. (2d) 374; *Hog v. Johnson* (1932), 209 Wis. 581, 245 N. W. 650; *Peehl v. Bumbalek* (1898), 99 Wis. 62, 74 N. W. 545. The earlier cases held the acceptance of rent was an election. See *Brown v. Kayser* (1884), 60 Wis. 1, 18 N. W. 523. The allegation is sufficient against a demurrer, and if there are facts qualifying or indicating a different intention on the part of the landlord and sufficient to rebut the presumption of election, such facts should be pleaded in an answer.

The main question presented on appeal is the construction of sec. 234.07, Stats.,[1] *i.e.,* Does the right of first refusal to purchase the leased property given to a tenant for years

---

[1] "234.07 TENANT HOLDING OVER IS TENANT FROM YEAR TO YEAR; HOW TENANCY ENDED. If a tenant for a year or more shall hold over after the expiration of his term he may, at the election of his landlord, be considered a tenant from year to year upon the terms of the original lease. But such tenancy may be terminated at the end of any year after the expiration of said term by either party to said lease upon giving to the other party thereto a notice in writing, not less than thirty days prior to the date of such expiration, that he elects to terminate such lease at the end of such year."

survive by operation of this section the expiration of the lease term? Although this section has existed in the laws since 1858, this precise question has never been presented to this court. Originally, the first sentence of the section, providing if a tenant for a year or more shall hold over after the expiration of his term, he may at the election of his landlord be considered a tenant from year to year upon the terms of the original lease, was a proviso to a section which dealt with the termination of the tenancies at will or by sufferance. In 1884, *Brown v. Kayser, supra,* held the tenancy from year to year required the common-law six months' notice of termination. The following year by amendment (ch. 109, Laws of 1885), this decision was rejected. The amendment provided such tenancy may be terminated by either party to the lease at the end of any year upon a prior thirty-day written notice to terminate such lease. The statute has remained substantially the same to date. See 3 Wisconsin Law Review (1924), 37. In construing this statute a distinction in an analogous question, thought to be somewhat artificial by some commentators, must be recognized; *i.e.,* whether an option to purchase contained in a lease survives in the renewal period when the lease is renewed or the term thereof is extended. On this question a split of authority exists. 32 Am. Jur., Landlord and Tenant, pp. 285, 286, sec. 308; Annos. 37 A. L. R. 1245, and 163 A. L. R. 711, Extension of Lease—Option to Purchase. Wisconsin took the position in *Seefeldt v. Keske* (1961), 14 Wis. (2d) 438, 111 N. W. (2d) 574, that where a lease contained an option for an extension, as opposed to a renewal, of the lease, an option to purchase contained in the original lease survived in the extension period and could be exercised by the tenant during that period. To the same effect is *Raffensperger v. Van Kooy* (1952), 260 Wis. 589, 590, 51 N. W. (2d) 488, in which a lease containing an option to purchase also contained an "option for an additional four

years at the same rental." See also *Link Wholesale Grocery, Inc., v. Krause* (1950), 257 Wis. 207, 43 N. W. (2d) 25.

As we construe sec. 234.07, Stats., it gives the landlord the election to treat the holdover tenant as a tenant from year to year under the lease and gives both the landlord and the tenant the right to terminate such lease at the end of any year upon thirty days' written notice. In effect, once the landlord has made the election, the lease is extended rather than renewed from year to year. The language, "upon the terms of the original lease" and of the election "to terminate such lease," indicates a common-law tenancy is not created but the original lease is extended. We find no basis in the section for restricting "the terms of the original lease" to only those terms traditionally constituting the minimal essentials of a tenancy relationship. In *Helbig v. Bonsness* (1938), 227 Wis. 52, 277 N. W. 634, we construed a separate sealed document containing an option to purchase leased premises as part of the lease of the farm, and held the option could not be exercised when the tenant was in default in the payment of rent. Additionally, an option to purchase in a lease is a covenant running with the leasehold estate. This militates against considering such option as separate and distinct from the terms of the lease. 32 Am. Jur., Landlord and Tenant, p. 280, sec. 301; 45 A. L. R. (2d) 1034, 1040, 1041.

We consider an option to purchase or right of a first refusal to be an integral part of the lease and one of its terms within the meaning of this section. It is not an uncommon practice to insert an option to purchase or a right of first refusal in a lease. In many cases no lease would be entered into by the tenant without such protection.

The interpretation commanded by the language of this section is both logical and fair. Upon the expiration of the written lease the tenant has the duty to surrender the property. If he holds over, he runs the risk of being con-

sidered a holdover tenant with all the burdens of the lease. The pinpointed question in this case is whether he also runs the risk, if it is one, of acquiring all the benefits which the lease might provide. Conversely, the landlord may eject the tenant, make a new agreement mutually satisfactory to him and the tenant, or elect under sec. 234.07, Stats. By such an election the landlord receives the benefits of the lease from year to year but likewise incurs its obligations and the tenant is then bound from year to year both as to the advantages and disadvantages to him of the lease. It is logical to believe the legislature intended by the operation of this section to leave the parties as they were under the original lease after the landlord elected to come under the section. We cannot construe the statute to mean that by the election of the landlord a common-law tenancy is created free and clear from some terms of the lease but not from others.

The fact that "a right of first refusal" or "first right of purchase" is involved rather than an absolute or unconditional option to purchase seems to be immaterial. A right of first refusal is essentially a conditional option dependent upon the decision or the desire of the landlord to sell.[2] See Anno. 34 A. L. R. (2d) 1158, Lease—Option to Purchase; 32 Am. Jur., Landlord and Tenant, pp. 278, 279, sec. 299. For a lease containing both an absolute and a conditional option, see *Barnhart v. Stern* (1923), 182 Wis. 197, 196 N. W. 245.[3] The fact the plaintiff's option is conditional rather than absolute does not make it any less a term of the original lease.

---

[2] For another type of conditional option, see *Hafemann v. Korinek* (1954), 266 Wis. 450, 63 N. W. (2d) 835, in which prompt payment of rent as a condition to the exercise of an option to purchase was upheld.

[3] *Langer v. Stegerwald Lumber Co.* (1951), 259 Wis. 189, 47 N. W. (2d) 734, later appeal (1952), 262 Wis. 383, 55 N. W. (2d) 389, 56 N. W. (2d) 512, held a "first option to purchase property" as absolute, except that the landlord could accelerate the sale by giving notice that he might sell to another.

Under our view of the statute, the plaintiff had a right to purchase the property at a better price and the defendants had the duty to give the plaintiff the opportunity to exercise his right. The complaint states a good cause of action for specific performance of the defendants' promise to sell to the plaintiff upon the exercise of his right to purchase the property at a better price than that agreed to be paid by the defendant Daniels.

*By the Court.*—The judgment appealed from is reversed, with directions to enter an order overruling the demurrer.