**WHITECO INDUSTRIES, INC. Defendant–Appellant,**

v.

**Joe J. NICKOLICK and Mary A. Nickolick, Plaintiff–Appellee.**

No. 82A01–9007–CV–285.

Court of Appeals of Indiana, First District.

May 30, 1991.

Fred M. Cuppy, Kathryn D. Schmidt, Burke, Murphy, Costanza & Cuppy, Merrillville, Robert K. Stanley, Baker & Daniels, Indianapolis, Robert T. Bodkin, Bamberger, Foreman, Oswald & Hahn, Evansville, for defendant-appellant.

F. Wesley Bowers, Joseph H. Harrison, David V. Miller, David E. Gray, Bowers, Harrison, Kent & Miller, Evansville, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant, Whiteco Industries, Inc. (Whiteco), brings this interlocutory appeal challenging two final orders of partial summary judgment entered in favor of plaintiff-appellees, Joe J. and Mary A. Nickolick (the Nickolicks). Three issues are presented by Whiteco's appeal. They are:

I. Whether the trial court erred in finding Whiteco had no right to exercise an option to purchase.

II. Whether the trial court erred in allowing the Nickolicks to recover for unpaid rent.

III. Whether the two summary judgments are inconsistent.

We can find no error or inconsistency in the trial court's judgment and thus, we affirm.

## FACTS

This dispute involves the interpretation of an option to purchase contained in a commercial sublease between the Nickolicks as the sublessors/landlords and Whiteco as the sublessee/tenant.[1] The subject property of the sublease is an 8.81–acre tract of land that holds a Ramada Inn in Vanderburgh County. A contested interpretation of the same sublease has brought the parties before this court on one prior occasion. In *Whiteco Industries, Inc. v. Nickolick* (1990), Ind.App., 549 N.E.2d 396 (referred to in this opinion as "Whiteco I"), Whiteco challenged the propriety of a preliminary injunction entered to enjoin it from exercising the option to purchase provisions of the sublease until a decision on the merits of the Nickolicks' complaint could be reached.[2] This court reversed the trial court because it failed to enter findings of fact and conclusions of law required to support the issuance of the preliminary injunction.

The facts underlying both the present appeal and Whiteco I are that Whiteco

---

1. Due to several corporate reorganizations and mergers, Whiteco is also the guarantor of its own obligations as sublessee/tenant.

2. The Nickolicks' complaint sought a declaratory judgment, a preliminary injunction, attorney fees, and damages for unpaid rent.

failed to make the May, 1989 rent payment due the Nickolicks under the terms of the sublease.[3] On May 9, 1989, Joe Nickolick wrote Whiteco a letter in which he discussed the fact that the rent was overdue and that he had made several attempts to contact Whiteco representatives regarding the matter. He also stated that, "Since I have not heard from either you or Mr. Peterman, I feel it important to let you know that the rental has not been paid and ask that you do whatever is necessary to cause payment to be made as promptly as possible." *Record* at 138. Whiteco interpreted this letter to reflect a notice of default and therefore, attempted to exercise the option to purchase provisions of the sublease.

After filing their four-count complaint, the Nickolicks moved for partial summary judgment on Count I, their claim for unpaid rent. Finding no genuine issue of material fact, the trial court granted the Nickolicks' motion and awarded them $569,654.14 for unpaid rent and interest.[4] The Nickolicks subsequently filed an additional motion for partial summary judgment in which they alleged they were entitled to judgment as a matter of law on Count II of their complaint. Count II sought a declaratory judgment on whether Whiteco had the right to exercise the option to purchase provisions of the sublease. The trial court found no genuine issue of material fact existed as to Count II and thus, granted the Nickolicks' motion for summary judgment. The trial court specifically found that under the terms of the sublease, "[Whiteco] has no present right (or future right under the same circumstances) to exercise the special option to purchase." *Record* at 246. Finding no just reason for delay, the trial court entered final judgment on both counts. Whiteco challenges the trial court's findings and judgments.

3. Whiteco has not made any rental payments since prior to May 1, 1989, even though it is financially able to do so.

4. Pursuant to the terms of the sublease, the amount of interest was calculated at 12% per annum.

## DISCUSSION AND DECISION

■■■ Before beginning our discussion, we must note the well-settled standard of review for cases involving summary judgment. Disposition of a case by summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that no genuine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. Ind.Trial Rule 56(C). In reviewing the propriety of a summary judgment, we use the same standard as the trial court. *Sprowl v. Eddy* (1989), Ind.App., 547 N.E.2d 865. We resolve all doubts against the proponent of the motion, while taking as true all facts properly asserted by the party opposing the motion. *T.S.B. v. Clinard* (1990), Ind. App., 553 N.E.2d 1253, *trans. denied.* The motion's proponent bears the burden of establishing its propriety. *Sprowl, supra.* The trial court will be reversed only if the record discloses an unresolved issue of fact or an incorrect application of the law to undisputed facts. *Robinson v. Kinnick* (1989), Ind.App., 548 N.E.2d 1167, *trans. denied.*[5]

■■■ A lease is to be construed as any other contract. *Kann v. Brooks* (1913), 54 Ind.App. 625, 101 N.E. 513, *trans. denied.* Generally, construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Slutsky–Peltz Plumbing & Heating Co. v. Vincennes Community School Corp.* (1990), Ind.App., 556 N.E.2d 344. Where no defect is claimed to have occurred during formation of the contract, its terms, if unambiguous, are conclusive on the question of the intentions of the parties. *Id.* In determining whether a contract's terms are ambiguous, words must be given their usual and common meaning unless, from

5. Pursuant to the recent addition of subsection (H) to Ind.Trial Rule 56, effective January 1, 1991, no summary judgment will be reversed on appeal on the ground that a material issue of fact exists unless that fact and evidence supporting it were specifically designated to the trial court.

the entire contract and its subject matter, it is clear another meaning was intended. *Underwriting Members of Lloyds of London v. United Home Life Ins. Co.* (1990), Ind.App., 549 N.E.2d 67, *aff'd on transfer* 563 N.E.2d 609. Words, phrases, sentences, and paragraphs of a contract cannot be read alone. Rather, the parties' intent must be gathered from the entire contract. *Teitge v. Remy Constr. Co.* (1988), Ind.App., 526 N.E.2d 1008.

## I.

▇ The sublease between Whiteco and the Nickolicks granted Whiteco an option to purchase the property for a specified purchase price in the eighth or ninth lease year. For reasons not apparent from the record, Whiteco did not exercise the option in either year. The sublease also gives Whiteco a "special" option to purchase the property any time after the beginning of the 11th lease year. This special option is exercisable by Whiteco "upon a default by Tenant and upon the requisite notice having been given to Tenant." *Record* at 39. The sublease further provides that the non-payment of rent constitutes a default. Neither party disputes the fact that Whiteco's nonpayment of rent beginning in May, 1989, constitutes a default under the terms of the sublease. That condition being satisfied, the question then becomes whether the Nickolicks' letter to Whiteco, in which they requested payment of rent, amounts to the notice of default contemplated under the special option provisions. We find the contract is unambiguous and that under its terms, the letter was not a notice of the default. Thus, Whiteco could not exercise the special option to purchase.

Under the terms of the sublease, the Nickolicks have the right to terminate if Whiteco defaults. If the Nickolicks fail to exercise their right to terminate within 90 days of the default, they waive the default which in turn waives their right to terminate the lease. From these provisions it follows that the requisite notice must declare Whiteco's nonpayment of rent to be a default and that the Nickolicks intend to exercise their right of termination unless Whiteco pays the rent owed. The letter in

the present case, however, merely stated that the rent was past due and requested payment as soon as possible. The letter did not in any way declare Whiteco's non-payment of rent to be a default upon which the Nickolicks would be exercising their right to terminate the lease. Without the notice required under the option to purchase provisions, the special option to purchase was not triggered and Whiteco had no right to exercise it.

Whiteco argues that at the very least, a material issue of fact exists as to whether the letter was adequate notice under the option to purchase provisions. We disagree because at a minimum, the notice was required to declare a default and express an intention to terminate the sublease. Because neither of these elements were contained in the notice, we can say as a matter of law that it did not constitute the requisite notice contemplated in the option to purchase provisions. There being no genuine issue of material fact, the trial court properly granted the Nickolicks' motion for summary judgment on this issue.

## II.

▇ Whiteco contends the trial court erred in awarding the Nickolicks unpaid rent plus interest because the terms of the sublease expressly provide that termination shall be the landlord's exclusive remedy. As with the special option to purchase provisions, this provision applies when the landlord declares a default. Here, however, the Nickolicks did not declare a default or state their intent to pursue their right of termination. Thus, this section does not apply.

▇ A tenant's failure to pay rent when due normally gives the person entitled to receive such rent a right to recover it by action. 18 I.L.E. *Landlord and Tenant* § 311 at 348 (1959). "Such an action is distinguishable from an action for damages for breach of the contract by the lessee." *Id.* at 349. A situation similar to the one before this court was presented to the Wisconsin Supreme Court in *Hafemann v. Korinek* (1954), 266 Wis. 450, 63 N.W.2d 835. The court in *Hafemann* stated that

"even though [the lessee] had materially breached the covenants of such lease by their repeated failure to pay the rent when due, the lessors were still entitled to collect such past due rent independently of the option to purchase clause." *Id.*, 266 Wis. at 456, 63 N.W.2d at 839. The same is true here. Whiteco acquired the obligations imposed on the original tenant under the terms of the sublease; including the monthly payment of rent. The Nickolicks' election not to declare the nonpayment of rent a default does not affect their independent right to collect the outstanding amounts. The trial court properly awarded the Nickolicks the unpaid rent.

### III.

Whiteco claims that in any event the judgments are inconsistent because if the Nickolicks waived the default, then there is nothing upon which to base their unpaid rent claim. As we have just stated, however, the Nickolicks' election not to declare a default does not preclude an action to recover the unpaid rent. The judgments are not inconsistent.

Judgment affirmed.

ROBERTSON and CHEZEM, JJ., concur.