Gianni Bozzacchi and Kelley Bozzacchi, Husband and Wife, Plaintiffs-Appellants,

v.

Thomas S. O'Malley and Ruth O'Malley, Husband and Wife, Defendants-Respondents.

Court of Appeals

*No. 97-0086-FT. Submitted on briefs April 1, 1997.—Decided May 6, 1997.*

(Also reported in 566 N.W.2d 494.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Russell C. Schallert* of *Mihal & Steffens, S.C.,* of Milwaukee, and *Bernard J. Westfahl* of *Westfahl & Westfahl, S.C.,* of Elm Grove.

On behalf of the defendants-respondents, the cause was submitted on the brief of *David G. Kingstad* of *Kingstad Law Offices, S.C.,* of Franklin.

Before Fine, Schudson and Curley, JJ.

FINE, J.   Gianni and Kelley Bozzacchi sued Thomas S. and Ruth G. O'Malley seeking specific performance of an option to purchase real property, and damages allegedly incurred by the Bozzacchis as a result of the O'Malleys' failure to convey the property that was subject to the option. The trial court ruled on cross-motions for summary judgment that the Bozzacchis had breached an option condition and, therefore, the O'Malleys "had a right to consider that that option was no longer valid." The trial court dismissed the Bozzacchis' complaint and they appeal. We affirm.

The facts in this case are not disputed. On April 27, 1994, the O'Malleys gave to the Bozzacchis an option to purchase real property on Spindle Top Court in the City of Franklin for $123,000, in conjunction with the Bozzacchis' purchase from the O'Malleys of an adjacent property on South 92nd Street. The option could be exercised "at any time after May 27, 1995 or before May 27, 1996." As a condition, the option agreement provided: "Buyer [the Bozzacchis] shall rent barn (guest house) [on Spindle Top Court] for $650. [*sic*] per month beginning June 1, 1994," and required that the Bozzacchis and the O'Malleys enter into "a rental agreement" for the Spindle Top Court property "as of closing" on the 92nd Street property. The option also recited that "TIME IS OF THE ESSENCE AS TO: . . . ALL DATES INSERTED IN THIS OPTION." (Uppercasing in original.)

The Bozzacchis and the O'Malleys entered into their "rental agreement" for the Spindle Top Court property at the closing on the 92nd Street property. The lease provided that the monthly rent of $650 was to be paid "on or before the 1st day of each month." The Bozzacchis, however, did not pay their rent timely. Rather, the monthly rent for April, May, June, July (and August) of 1995 was attempted to be paid on July 13, 1995, by three checks totaling $3,250; the checks bounced—they were returned to the O'Malleys by their bank marked "insufficient funds." On October 10, 1995, the Bozzacchis gave to the O'Malleys a check for $3,900 as rent for the months of April, May, June, July, August, and September, 1995. The Bozzacchis did not pay their October 1995 rent until October 17, 1995.

On October 13, 1995, an attorney for the O'Malleys wrote to the Bozzacchis' lawyer indicating that the

O'Malleys considered the option to purchase the Spindle Top Court property to be "null and void." The Bozzacchis attempted to exercise the option on May 3, 1996. This lawsuit followed.

## II.

■ Our review of a trial court's grant of summary judgment is *de novo*. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). We must first determine whether the complaint states a claim. *Ibid.* If the complaint states a claim, we must then determine whether "there is no genuine issue as to any material fact" so that a party "is entitled to a judgment as a matter of law." *See* RULE 802.08(2), STATS.; *Green Spring Farms*, 136 Wis. 2d at 315, 401 N.W.2d at 820. The parties do not dispute that the complaint here states a claim; the only issue is whether the failure of the Bozzacchis to pay their rent timely breached a condition of the option. *See Friendship Village of Greater Milwaukee, Inc. v. City of Milwaukee*, 181 Wis. 2d 207, 219, 511 N.W.2d 345, 350 (Ct. App. 1993) (cross-motions for summary judgment "is 'the equivalent of a stipulation of facts,' " which permits decision " 'on the legal issues' ") (quoted source omitted).

■ An option to purchase property conditioned on the punctual payment of rent is void unless rent is paid timely. *Hafemann v. Korinek*, 266 Wis. 450, 453–458, 63 N.W.2d 835, 837–840 (1954). This is consistent with general contract law, which holds that a "substantial breach of contract discharges the injured party." *Jolin v. Oster*, 55 Wis. 2d 199, 215, 198 N.W.2d 639, 647 (1972). The option in *Hafemann* provided, as material

625

here, that it "shall be effective only if the lessees pay the rent punctually." *Hafemann*, 266 Wis. at 452, 63 N.W.2d at 836. The option here was not so specific. Nevertheless, it unambiguously required the Bozzacchis to rent the Spindle Top Court property for "$650. [*sic*] per month," and noted that time was of the essence as to "all dates" in the option. (Uppercasing omitted.) The Bozzacchis contend that this condition was fulfilled by their signing the lease for the Spindle Top Court property. Thus, in their reply brief in this court the Bozzacchis argue: "Upon execution of the Lease, the condition under the Option that the [Bozzacchis] <u>rent</u> Spindle Top Court for $650 per month beginning June 1, 1996 [*sic*] had been fulfilled." (Underlining by the Bozzacchis.) We disagree.

█

" 'Every contract implies good faith and fair dealing between the parties to it.' " *Chayka v. Santini*, 47 Wis. 2d 102, 107 n.7, 176 N.W.2d 561, 564 n.7 (1970) (quoted source omitted). "[C]ompliance in form, not in substance" breaches that covenant of good faith. *Id.*, 47 Wis. 2d at 107, 176 N.W.2d at 564. The Bozzacchis' crabbed reading of the requirement that they "rent" the Spindle Top Court property for $650 per month does not comport with this duty of good-faith performance. The option provision required that the rent be paid monthly—not quarterly, not semi-annually, not as a late balloon payment, and certainly not by checks that bounce. " '[A] dollar received today is worth more than a dollar received sometime in the future.' " *Beacon Bowl, Inc. v. Wisconsin Elec. Power Co.*, 176 Wis. 2d 740, 777, 501 N.W.2d 788, 802–803 (1993) (explaining the "time value of money") (quoted source omitted). It is this time-value of money that requires a good-faith punctuality of payment. Moreover, as we have seen,

the option specifically provided that "time [was] of the essence as to: . . . all dates inserted in this option." (Uppercasing deleted.) Rental of the Spindle Top Court property at $650 per month was neither incidental nor ancillary to the option. Rather, it was a significant part of the consideration for the option.[1] Although there may be situations where mere tardiness of payment that is *de minimis*, under circumstances that show good-faith dealing between the parties, will not void an otherwise valid option, that is not the situation here. The Bozzacchis materially breached the requirements that they both rent the Spindle Top Court property and pay monthly—on the dates due—for their use of that property. The trial court correctly granted the O'Malleys' motion for summary judgment dismissing the Bozzacchis' complaint.

*By the Court.*—Order affirmed.

---

[1] The lease was merely the mechanism to flesh out the Bozzacchis' agreement to lease the Spindle Top Court, and fixed the day of the month when each month's rent would be due. Contrary to the Bozzacchis' contention, the rights and remedies of the Bozzacchis and the O'Malleys under the lease are separate from whether the undisputed facts show that the Bozzacchis breached their option-agreement contract to pay the rent timely.