Hog, Appellant, vs. Johnson, Respondent.

*November 9—December 6, 1932.*

The cause was submitted for the appellant on the brief of *Wegener & Roick* of Madison, and for the respondent on that of *Hall, Baker & Hall* of Madison.

FAIRCHILD, J. The relation of landlord and tenant was first entered into by the parties and the premises occupied by the respondent in August, 1926. Appellant then leased to the respondent the apartment for the term of one year, rent to be paid each month. Each year thereafter a new lease was drawn and duly executed. The last written lease by its terms fixed its expiration as of August 31, 1930. No written lease was entered into after that date. The respondent continued to occupy the premises until May 31, 1931.

The contention on the part of the respondent is that after August 31, 1931, he occupied the premises in question as a tenant from month to month and that this tenancy was duly terminated on the 31st day of May, 1931, by giving the required thirty-day notice.

The trial court found that in May, 1930, the tenant notified the landlord of his intention to vacate the premises at the expiration of the lease, August 31, 1930, unless he could stay as a tenant from month to month. The conversation or negotiations were carried on between the agent for the respondent and agent for appellant. The arrangement was somewhat informal, but the evidence concerning it raised a judicial question and warrants as a reasonable inference therefrom the conclusion reached by the trial court. There were circumstances tending to sustain the claim of respondent found in the fact that each succeeding year of occupancy by the respondent the appellant had caused to be executed a formal written lease for the succeeding year. Because of the arrangement of May, 1930, the usual lease for the year was not presented to the respondent for execution.

It is evident that a landlord and a tenant may agree upon a letting of the premises from month to month where the preceding arrangement has been from year to year. Had there been no such arrangement as to the future occupancy of the premises by the tenant and there had been a holding over, then the term would be presumed to be for the year. But the option on the part of the landlord to regard the tenant as liable for another year period can obviously not be exercised when the latter remains in possession under an agreement with the landlord that he is to hold for a shorter period. There is no question raised as to the sufficiency of the notice terminating the month-to-month tenancy. We cannot say that the decision of the lower court is against the great weight and clear preponderance of the evidence. We find no reversible error.

*By the Court.*—Judgment affirmed.