ROTTMAN and wife, Respondents, vs. BLUEBIRD BAKERY, INC., Appellant.

*February 4—February 28, 1958.*

For the appellant the cause was submitted on the brief of *Ervin A. Weinke* of Fond du Lac.

For the respondents there was a brief by *Worthing & Calhoun* of Fond du Lac, and oral argument by *J. W. Calhoun*.

FAIRCHILD, J.   Two question are involved: (1) Did the acceptance of rent amount to an election by plaintiffs to consider defendant a tenant from year to year? (2) Was there a valid agreement that defendant should have six months in which to move in the event of sale? If either be answered in the affirmative, the tenancy was not terminated and the judgment must be reversed.

(1)   *Holding over and acceptance of rent.*   Sec. 234.07, Stats., provides: "If a tenant for a year or more shall hold over after the expiration of his term he may, at the election of his landlord, be considered a tenant from year to year upon the terms of the original lease." Holding over and payment and acceptance of rent raise a rebuttable presumption that the landlord has elected to consider the tenancy from year to year. *Hog v. Johnson* (1932), 209 Wis. 581, 583, 245 N. W. 650. The presumption may be rebutted by proof of an express agreement for a month-to-month tenancy as in *Hog v. Johnson* or by other circumstances. The fact that when the landlord accepted the rent the parties were negotiating for a new lease or a sale to the tenant tends to rebut it. See 51 C. J. S., Landlord and Tenant, p. 738, sec. 136. Here there was some discussion of a new lease, some consideration of sale to defendant, and discussion, at least, as to the speed with which defendant would be forced to move if the property were sold to another. Mr. Varhola conceded that he knew the property was for sale and considered that a

sale would put him in a "spot." The evidence presented a question of fact as to whether there was an election by plaintiffs to hold defendant from year to year. It is apparent from the decision filed that the court found that no such election had been made and there is evidence to support the finding.

(2) *The "six months" conversation.* The municipal court made no finding as to whether Rottman promised that plaintiffs would give defendant six months to remove in the event of sale, or whether Rottman merely estimated that defendant could delay removal for six months if defendant forced plaintiffs to take the matter to court. Varhola made no claim that defendant gave up its right to terminate at the end of any month by giving thirty days' notice nor that plaintiffs gave up their corresponding right if they desired to terminate for any reason except sale of the property. Defendant gave up nothing. It was already in the premises and it was to its advantage to stay. Probably Varhola thought he could stay in the premises as long as he cared to unless it was sold and then he would have six months in which to remove. Under the circumstances we are of the opinion that defendant has not sufficiently met its burden of proof to establish a contractual modification of the statutory method of terminating a month-to-month tenancy.

*By the Court.*—Judgment affirmed.