Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 16 2012, 9:09 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ROBERT T. KEEN, JR.**
**LARRY L. BARNARD**
Carson Boxberger LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**JEFFREY P. SMITH**
**DAVID K. HAWK**
**MICHAEL D. HAWK**
Hawk Haynie Kammeyer & Chickedantz
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CITY OF FORT WAYNE, INDIANA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1107-MI-384 |
| | ) | |
| TOWN OF HUNTERTOWN, INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
Cause No. 02C01-1006-MI-977

**February 16, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant City of Fort Wayne (Fort Wayne) appeals the grant of summary judgment in favor of appellee-plaintiff Town of Huntertown (Huntertown). Specifically, Fort Wayne argues that the trial court erred in determining that a letter sent from Fort Wayne's Director of Public Works to the President of Huntertown's Town Council did not amount to an expression of Fort Wayne's desire to discontinue the parties' agreement (Agreement) regarding the treatment of sewage collected in Huntertown. Concluding that the trial court properly determined as a matter of law that Fort Wayne's correspondence did not amount to a termination of the Agreement, we affirm the grant of summary judgment in Huntertown's favor.

FACTS

Huntertown is an Indiana municipal corporation in Allen County. The City of Fort Wayne—also in Allen County—operates a waste water treatment facility. On June 14, 1985, the parties entered into the Agreement, whereby Fort Wayne was to treat the sewage collected in the Huntertown sewage accumulation system at the Fort Wayne Sewage Treatment Plant (Treatment Plant).

The Agreement provided in part that:

Paragraph 2. Term of Agreement. This Agreement shall continue in full force and effect for twenty (20) consecutive years from the first date of connection or rendering of service hereunder.

This Agreement shall continue in full force and effect for an indeterminate number of (5) year terms after the initial term unless one of the parties hereto <u>shall notify the other party in writing at least three (3) years prior to the expiration of the original term, or any additional five (5) year term of its desire not to continue the agreement.</u> . . .

2

Appellant's App. p. 20 (emphasis added).

Fort Wayne began rendering services to Huntertown under the Agreement on April 28, 1988. The Agreement was later amended once on February 18, 1998, and again on May 18, 2005. Neither amendment altered the terms of the Agreement or the requirements for termination.

On May 1, 2002, Ted Rhinehart, the Director of Public Works and Utilities for Fort Wayne, sent a letter to John Hidy, Huntertown Town Council's President, that provided:

> Since June of 1985 the City of Fort Wayne and the Town of Huntertown have worked together in a cooperative arrangement under which Huntertown owns and operates a sewer collection system and Fort Wayne takes and treats sanitary sewage. From Fort Wayne's perspective, this arrangement has allowed us to pursue similar interests—providing for growth and development while protecting the environment.

> The Water Pollution Control Agreement between Huntertown and Fort Wayne was entered into for an initial term of twenty years with an automatic renewal for subsequent five-year terms. There is a provision for either party to notify the other at least three years before the expiration of the initial term (or any subsequent five-year term) if there was a desire "not to continue the Agreement." While the City of Fort Wayne certainly desires to continue its good working relationship that provides sewage treatment service for Huntertown, we do at this time as we have discussed informally, wish to open negotiations on the exact terms of the agreement that governs our relationship. Specifically, we would like to begin discussion of long-term capacity issues and service area boundaries for Huntertown and the City of Fort Wayne.

> Please consider this formal notice that the City of Fort Wayne would like to begin negotiation of a new Water Pollution Control Treatment Agreement

to reach a win-win solution to our mutual goal of environmentally-friendly growth.

Appellant's App. p. 16, 53 (emphases added).

On August 14, 2009, Kumar Menon, as Director of Fort Wayne City Utilities, sent a letter to the Huntertown Town Council. Menon wrote that Fort Wayne sent Huntertown "its formal three year notice of termination in 2002." Id. at 16. The letter also stated that the Agreement "expired without a new agreement in place in April of 2008." Id. at 16, 51, 52, 53, 59.

In disputing the statements that Menon made in the 2009 letter and denying that the Agreement terminated in April 2008, Huntertown filed a complaint for declaratory judgment on June 1, 2010. Huntertown sought a determination that the 2002 letter did not constitute sufficient notice of Fort Wayne's intent to terminate the Agreement.

Thereafter, Fort Wayne filed its motion for summary judgment, claiming that it was entitled to judgment as a matter of law because the designated evidence established that Fort Wayne had given the required written notice to terminate the Agreement. In response, Huntertown filed a cross motion for summary judgment, claiming that the letter of May 1, 2002, did not constitute a notice of termination of the Agreement. Huntertown further asserted that it was entitled to judgment declaring that the Agreement did not terminate at the end of the initial twenty-year term, but was extended for an additional five year term.

4

The trial court held a hearing on the summary judgment motions on April 26, 2011. Thereafter, the trial court granted Huntertown's motion for summary judgment.

The trial court's order provided in relevant part that

> (3) On August 14, 2009, . . . Menon . . . sent a letter to the Huntertown Town Council, advising that Fort Wayne was to begin charging Huntertown "retail" rates for its sewage treatment, as Fort Wayne considered the parties' agreement expired, terminated by virtue of a letter sent May 1, 2002, and that Fort Wayne resolution now required charging retail rates to those wholesale customers whose agreements had expired.
>
> (4) The subject May 1, 2002 letter, from . . . Rhinehart . . . referenced the parties' agreement and went on to say in pertinent part: 'There is a provision for either party to notify the other at least three years before the expiration of the initial term (or any subsequent five year term) if there was a desire 'not to continue the agreement.' While the City of Fort Wayne certainly desires to continue the good working relationship to provide sewage treatment service for Huntertown, we do at this time as we discussed informally, wish to open negotiations on the exact terms of the agreement that governs our relationship. Specifically, we would like to begin discussion of long-term capacity issues and service boundaries for Huntertown and . . . Fort Wayne. Please consider this formal notice that the City of Fort Wayne would like to begin negotiations of a new Water Pollution Control Agreement to reach a win/win solution on our mutual goal of environmentally friendly growth.
>
> (5) Beginning in February, 2010, the City of Fort Wayne began invoicing Huntertown for sewage treatment at "retail" rates.

The Court now CONCLUDES:

> (1) By its plain language, the May 1, 2002 letter referenced above was NOT an expression of the City of Fort Wayne's desire not to continue the parties' Agreement.
>
> (2) The parties' agreement, renewed by its own operation for a 5-year term on April 28, 2008, remains in effect until at least April 27, 2013.

5

Fort Wayne now appeals.

<u>DISCUSSION AND DECISION</u>

<u>I. Standard of Review</u>

In accordance with Trial Rule 56(C), summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. When reviewing the grant of summary judgment on appeal, we apply the same standards as the trial court in deciding whether to affirm or reverse summary judgment. <u>Leo Machine & Tool, Inc. v. Poe Volunteer Fire Dept., Inc.</u>, 936 N.E.2d 855, 858 (Ind. Ct. App. 2010). We must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. <u>Id.</u> When moving for summary judgment, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action. <u>Id.</u> at 859. We consider all of the designated evidence in the light most favorable to the non-moving party. <u>Id.</u> at 858–59.

The party appealing the grant of summary judgment has the burden to persuade us that the trial court's ruling was improper. <u>Id.</u> at 859. Generally, the construction of a written contract is a question of law for which summary judgment is particularly appropriate. <u>Orthodontic Affiliates, P.C. v. Long</u>, 841 N.E.2d 219, 222 (Ind. Ct. App. 2006).

<u>II. Fort Wayne's Contentions</u>

As set forth above, Fort Wayne maintains that the trial court should have granted its motion for summary judgment because the designated evidence established that the

letter of May 2002 clearly expressed Fort Wayne's desire not to continue the parties' agreement. Thus, Fort Wayne argues that the "Agreement expired according to its terms." Appellant's Br. p. 5.

The termination provision of the Agreement requires that notice of a "desire not to continue the Agreement," i.e., a notice to terminate, be sent at least three years prior to the Agreement's expiration. Appellant's App. p. 20. Although the May 2002 letter from Rhinehart referenced this contractual requirement, it did not expressly indicate that Fort Wayne desired to terminate the Agreement at the end of its term.

To the contrary, that letter indicated Fort Wayne's desire to continue—not terminate—its relationship with Huntertown. More specifically, as set forth above, the letter explicitly stated that it is "formal notice" of Fort Wayne's request to Huntertown to open negotiations on the exact terms of the agreement that governs the parties' continuing relationship. Id. at 16, 53. Most significantly, the 2002 letter did not indicate a desire to terminate the Agreement in the absence of a new agreement. Moreover, there is no showing that it made a continuation of the parties' relationship contingent upon the negotiation of a new contract.

We cannot say that simply expressing a desire to begin negotiations on a new contract is synonymous with terminating an existing contract. Had Fort Wayne desired to actually terminate the Agreement, it should have expressly indicated as such. And by its plain language, the intent of the 2002 letter is to invite Huntertown to negotiate terms going forward. Moreover, this intent was evidenced by the fact that Fort Wayne actually

7

continued to operate under the terms of the Agreement well after the alleged termination in April of 2008. Appellant's App. p. 61, 89. In fact, it was not until Menon sent his August 14, 2009, letter that Fort Wayne claimed the Agreement had been terminated 14 months earlier. Id. at 61, 82, 89.

By requesting future negotiations and not expressly stating an intention to terminate, Fort Wayne could have its cake and eat it too. If the parties' negotiations failed to result in a satisfactory new agreement, the former Agreement would remain in effect and the relationship would continue. Given the statements made in the 2002 letter, it is obvious that Fort Wayne preferred continuation of the relationship with Huntertown to no relationship at all. Put another way, we cannot say that the equivocal expressions communicated in the 2002 Letter satisfied the contractual requirements for termination under section 2 of the Agreement.

By way of analogy, in Westfield Cos. v. Rovan, Inc., 722 N.E.2d 851 (Ind. Ct. App. 2000), an endorsement that had provided coverage for the lessor of a vehicle was deleted from an automobile liability policy. When it was deleted, Westfield, the insurer, sent the insured an amended declarations page, indicating that the endorsement, which was identified by its form number, had been deleted. Westfield argued that the amended declaration provided notice that Westfield had cancelled coverage for the lessor. We rejected that argument and found that the deletion was not a clear expression of an intent to cancel the endorsement. As a result, it was determined that Westfield failed to provide an effective notice of cancellation. Id. at 859.

Similarly, in <u>Whiteco Indus. v. Nickolick</u>, 571 N.E.2d 1337 (Ind. Ct. App. 1991), we considered whether a letter constituted an adequate notice of default under the terms of the sublease. The sublease permitted the sublessor to terminate on the sublessee's default. If the sublessor failed to terminate within ninety days of the default, it would be deemed to have waived the right to terminate.

The letter at issue stated that the rent was overdue and the sublessee should cause payment to be made as promptly as possible. The sublessee interpreted the letter to be a notice of default. On appeal, we determined that although the letter identified an event of default, it did not constitute a notice of default under the sublease. In particular, it was observed that

> [T]he notice was required to declare a default and express an intention to terminate the sublease. Because neither of these elements were contained in the notice, we can say as a matter of law that it did not constitute the requisite notice contemplated in the [sublease].

<u>Id.</u> at 1340.

In the above cases, the contractual notices were found to be inadequate because they did not clearly and unequivocally express the parties' intent. Similarly, the 2002 letter was vague and indefinite and it failed to provide clear, direct, and unequivocal notice of Fort Wayne's intent to terminate the Agreement regardless of whether a new contract could be successfully negotiated. Rather, it left open the possibility that the parties would continue their relationship under the Agreement in the absence of a new contract. In short, it is "certainty, not uncertainty, which is sought." <u>Salem Comm. Sch.</u>

9

Corp. v. Richman, 406 N.E.2d 269, 273 (Ind. Ct. App. 1980). As a result, because it was not clear and unequivocal, the 2002 letter was not an effective notice of termination.

In sum, because the plain language of the 2002 letter failed to provide express, clear, direct and unequivocal notice for Fort Wayne's intent, we conclude that the trial court correctly determined that the Agreement did not terminate in April 2008. Thus, Huntertown's motion for summary judgment on its claim for declaratory relief was properly granted.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.